In the Matter of RENEE BARRETT, an Infant, by SARAH BARRETT, Her Guardian ad Litem, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, October 7, 1955.

*Sydney Snitow* and *Melvel W. Snitow* for petitioner.

*Peter Campbell Brown, Corporation Counsel (Jack Cherrill* of counsel), for respondent.

DI FALCO, J. This is a motion for leave to serve a notice of claim, *nunc pro tunc*, upon the City of New York. The facts presented are somewhat novel and warrant detailed inquiry. The infant involved is six years of age. It is alleged that on May 28, 1954, she was bitten by rats in her apartment at the premises where her parents are tenants. The mother of the infant, also her guardian ad litem, retained the attorneys herein appearing as attorneys to prosecute a claim for damages for such injuries. They caused an investigation and search to be made to ascertain the legal owner of the premises. Such search revealed the owner to be Angle Realty Co., Inc. Annexed to the moving papers herein are two last owner reports dated June 22, 1954, and April 19, 1955, which confirm same. The attorneys also aver that they obtained such last owner reports from a company that has done that kind of work for said attorneys for years; that in checking the register's office the records indicated that on the date of the accident, May 28, 1954, the property was owned by said Angle Realty Co., Inc.; that as a result of such information suit was started against said company; that after the

action was started, the agent for Angle Realty Co., Inc., advised the attorneys that the city had condemned the property; that one of the attorneys for plaintiff then went personally, in or about August, 1955, to the register's office of New York County and his examination of the records revealed that the premises, as far as the records indicate, are still owned by Angle Realty Co., Inc.; that the register's office records show no condemnations, acquisitions or notifications from the City of New York as the owners the city now owned the property; that there would have been some indication or note in the record if the City of New York had filed a *lis pendens* or had given notice to the register's office that it owned the property by condemnation. It further appears by the moving papers that it was not until May 7, 1955, that petitioner's attorneys ascertained from the Corporation Counsel's office that title to the property had vested in the city on May 18, 1954, and by this time the short period of limitation to proceed against the city had already run. Petitioner then, by motion dated June 28, 1955, moved in the Municipal Court for an order granting leave to serve the notice of claim *nunc pro tunc*. The motion, however, was denied on July 6, 1955, for the obvious reason that the lower court did not have jurisdiction of the subject matter of the application. The motion is now here.

I am of the opinion that the unusual circumstances here presented justify a favorable disposition of this motion in petitioner's behalf. I do not believe that the prevailing cases on the subject such as come within the holding in *Matter of Martin* v. *School Bd.* (*Long Beach*) (301 N. Y. 233) are controlling here, nor in point. The instant case is not one where the failure to file was due to a disability to act. It was due to the fact that the parents of the child, as were the attorneys, were lulled into believing that the Angle Realty Co., Inc., was the legal owner of the property, when, in fact and in law, the City of New York owned same. This was due to the fact that they relied, as they had the right to, upon public records of title ownership which are kept in the office of the register of New York County. Since the city failed to notify the register's office by *lis pendens* or otherwise of the condemnation proceedings, and since the records of the register's office, even to the date of the submission of this application, indicate that Angle Realty Co., Inc., is the owner of the property, I am persuaded that sufficient grounds are presented for the exercise of the court's discretion in favor of the application, which is hereby granted. Settle order.