■ HARRY TRUGMAN, Appellant, v. MURRAY TRUGMAN et al., Respondents.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ HARVEY MACHINE CO., INC., et al., Appellants, v. HARVEY ALUMINUM CORPORATION et al., Respondents.— Orders unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ MAX LEVY v. BRANDON, TAMARGO & CO., INC., et al.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Botein, Rabin, Cox and Frank, JJ. [See ante, p. 879.]

■ In the Matter of 749 BROADWAY REALTY CORP., Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Peck, P. J., Rabin, Cox and Frank, JJ. [See ante, p. 819.]

■ In the Matter of the Arbitration between PUBLISHERS' ASSOCIATION OF NEW YORK CITY, Respondent, and NEW YORK STEREOTYPERS' UNION No. ONE, Appellant.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs, and stay vacated. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ. [See ante, p. 941.]

■ In the Matter of RENEE BARRETT, an Infant, by SARAH BARRETT, Her Guardian ad Litem, Respondent, against CITY OF NEW YORK, Appellant.— In granting the application for leave to file a late notice of claim pursuant to section 50-e of the General Municipal Law, the court acted upon what it believed to be sufficient grounds for the exercise of its discretion. Unfortunately, sympathetic consideration notwithstanding, the statute reposes no discretion in the court where the application is made more than one year after the happening of the event upon which the claim is based (*Matter of Martin* v. *School Board of Long Beach*, 301 N. Y. 233; *Matter of Karabinakis* v. *City of New York*, 1 A D 2d 941). Moreover, the failure to serve a timely notice of claim was not due to infancy but rather to the alleged inability of the claimant's attorney to ascertain the ownership of the property. The failure to comply with the statutory requirement, therefore, was not due to any disability which would permit the granting of relief under subdivision 5 of section 50-e of the General Municipal Law. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ. [208 Misc. 822.]

■ In the Matter of RENEE BARRETT, an Infant, by SARAH BARRETT, Her Guardian ad Litem, Respondent, against CITY OF NEW YORK, Appellant.— Appeal unanimously dismissed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Valente, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WALTER F. TELLIER, MARTIN T. BROSNAN and MAX SANDLER, Doing Business under the Name of TELLIER & Co., Respondents.— We do not consider that the continuance of the temporary injunction was conditioned upon the case being tried on March 19th. The Attorney-General has proceeded diligently and expeditiously, and in the circumstances the injunction should not have been vacated. Order vacating the injunction unanimously reversed and the injunction reinstated. Concur — Botein, J. P., Rabin, Cox, Frank and Valente, JJ.

■