■ WILLIAM P. THOMPSON, Respondent, v. CITY OF NEW YORK, Appellant. — Order entered on January 28, 1965 granting plaintiff's application to the extent of holding that the plaintiff's time to file a notice of claim commenced running as of November 10, 1964 and that the notice of claim served on November 13, 1964 was timely served and filed, unanimously modified, on the law and the facts, with $30 costs and disbursements to the appellant and the motion denied in its entirety. Subdivision 5 of section 50-e of the General Municipal Law permits judicial intervention to extend the time within which to file a notice of claim only in specified circumstances. The failure of the attorney to discover that a condemnation order had vested title in the City of New York does not come within one of the circumstances enumerated in the statute. Therefore, there is no power in the court to grant the relief sought and the motion must be denied. This is unfortunate because the attorney followed the usual procedure of searching for the "last owner." In the circumstances, such search could not reveal the fact that the city had acquired the title by condemnation. However, it must be noted that sufficient information of public record was available to enable the attorney to discover that a change in title had been effected. The damage map had been filed in the Register's office, a *lis pendens* had been filed, and the order of condemnation had been entered — all prior to the date when the plaintiff sustained his injury. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.