CHARMAINE NORR, Respondent, v ENRIQUE SPIEGLER, Appellant and Third-Party Plaintiff. CITY OF NEW YORK et al., Third-Party Defendants and Fourth-Party Plaintiffs; BETH ISRAEL MEDICAL CENTER, Fourth-Party Defendant.

First Department, January 3, 1980

## APPEARANCES OF COUNSEL

*Bernard Burstein* of counsel *(L. Kevin Sheridan* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Martin L. Rothman* of counsel *(Eric Gewurz* with him on the brief; *Gewurz & Gewurz, P. C.,* attorneys; *Seligson, Rothman & Rothman,* appellate counsel), for respondent.

## OPINION OF THE COURT

SANDLER, J.

This is a malpractice action arising out of the defendant's allegedly negligent treatment of plaintiff in December, 1970 at the Gouverneur Ambulatory Clinic ("GAC"), conducted at what was formerly the Gouverneur Hospital of the City of New York. Concededly, no notice of claim was ever served on the city pursuant to section 50-e of the General Municipal Law and the action was not commenced until December, 1973, well beyond the short Statute of Limitations of one year and three months as provided in section 50-i of the General Municipal Law. Plaintiff's failure to comply with these statutory provisions was raised by the doctor as affirmative defenses set forth in his answer.

A prior appeal in this case involved the defendant's attempt to implead the city, the doctor claiming the city was obligated to indemnify him under section 50-d of the General Municipal Law because GAC was "a public institution maintained in whole or in part by the municipal corporation". The city took the position that it was not obligated to indemnify the doctor under a contractual arrangement the city had with Beth Israel Hospital, a position rejected by this court (56 AD2d 389) and the Court of Appeals (44 NY2d 809). The Court of Appeals held (at p 811): "Having gained the benefits of the defendant's services and retained sufficient control to make the clinic in

appearance and in fact a 'public institution maintained in whole or in part by the municipal corporation' (General Municipal Law, § 50-d, subd 1), the city could not properly avoid by contract a responsibility established in the first instance by statute".

After the Court of Appeals rendered its decision, the doctor, then represented by the corporation counsel, moved at Special Term for summary judgment dismissing the complaint based on plaintiff's failure to comply with section 50-d of the General Municipal Law which provides in subdivision 2 that: "No action shall be maintained * * * against such municipality * * * [or] physician * * * unless a notice of claim shall have been made and served in compliance with section fifty-e of this chapter. Every such action shall be commenced pursuant to the provisions of section fifty-i of this chapter."

■ Special Term, viewing the motion as one by the city for summary judgment against the plaintiff, denied it essentially on the ground that the city, with full knowledge of the facts and claims, had taken inconsistent positions on the prior appeal and on the present motion. Although Special Term's compassionate purpose is appreciated, the theory advanced is clearly untenable.

There is, of course, no general principle barring a party defeated on a motion from taking advantage of the legal implications of the adverse judicial determination. Such a rule would be particularly inappropriate here since it is obvious that plaintiff was in no way misled by the previous position taken by the city and in no way relied on it. Indeed it is apparent that the city's original position was very much in plaintiff's interest and the records of the prior appeal make it clear that plaintiff was fully aware of that fact.

Moreover, contrary to Special Term's apparent impression, it was Dr. Spiegler who brought this motion for summary judgment, not the city, and he clearly has taken a consistent position throughout the litigation.

The anomalous result of Special Term's ruling would be to allow the plaintiff to proceed against the defendant doctor on the implicit assumption that section 50-d does not apply when the Court of Appeals has determined precisely the opposite.

Nor can the denial of the motion for summary judgment be sustained on the basis that the city was not sued. The rule is clear that the notice of claim and short Statute of Limitations provisions of sections 50-e and 50-i are defenses which may be

raised by the doctor even though only he, and not the city, was sued. (See General Municipal Law, § 50-e, subd 1, par [b]; *Schiavone v County of Nassau,* 41 NY2d 844; *Derlicka v Leo,* 281 NY 266; *Fitzgerald v Lyons,* 39 AD2d 473; *Sorge v City of New York,* 56 Misc 2d 414.)

Plaintiff's primary claim on this appeal is that the defendant should be estopped from interposing the statutory defenses. The applicable rule was set forth by the Court of Appeals in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668): "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised."

Plaintiff's papers fail to set forth facts that remotely support application of this principle.

Plaintiff's argument that she should not be faulted for having been unaware of the city's responsibility in view of the circumstance that the city itself disclaimed liability has a superficial plausibility. However, it is readily apparent that the thesis does not avoid the necessity for a showing that the city entered into arrangements with regard to GAC that had the capacity to, and in fact did, mislead plaintiff to her detriment.

It appears that at the time plaintiff was treated GAC was listed in the then current (1970) "Official Directory of the City of New York" under the heading "Hospitals and Institutions Under Jurisdiction of Department of Hospitals." This fact was brought to this court's attention on the prior appeal together with references to GAC in the New York City budget and the published minutes of the New York City Board of Estimate during the period when the notice of claim was to be filed, all of which contributed to the prior determination of this court and the Court of Appeals. Equivalent documentation has been consistently deemed to represent appropriate notice to plaintiffs in cases presenting a comparable issue. (See *Guarrera v Lee Mem. Hosp.,* 51 AD2d 867; *Thompson v City of New York,* 24 AD2d 427; *Matter of Barrett v City of New York,* 1 AD2d 993.)

In a proper case it might be appropriate to consider qualifying the rather rigid rule implicit in these decisions, a rule which may not reflect a realistic assessment of the situation

confronting plaintiffs and their lawyers. This is not such a case.

Conspicuously absent from the plaintiff's papers are any details from which one could infer that plaintiff's counsel was in fact misled by the nature of the arrangements that had been made and would otherwise have given timely notice. We are not informed when the case was first referred to counsel and what circumstances counsel relied on that affected the giving of notice. The fact that this action was commenced almost three years after the malpractice complained of underlines the total failure to develop facts supporting an estoppel under the rule set forth in *Bender v New York City Health & Hosps. Corp. (supra)*.

For the foregoing reasons, the order of the Supreme Court, New York County (SHAINSWIT, J.), entered August 16, 1978, denying defendant's motion for summary judgment should be reversed, on the law, without costs, and the motion should be granted dismissing the complaint.

KUPFERMAN, J. P. (dissenting). I would affirm on the opinion of Madame Justice SHAINSWIT at Special Term.

BIRNS and FEIN, JJ., concur with SANDLER, J.; KUPFERMAN, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on August 16, 1978, reversed, on the law, without costs and without disbursements, and the motion to dismiss the complaint granted.