WILLIAM SHAFFER, SR., Respondent, v. THE NORTHEAST COMPANY, INC., Appellant.— Action to recover damages for personal injuries. The plaintiff was employed by the Works Progress Administration as a laborer, and his duties were to work beside a machine which, together with its operator, had been hired by the Administration from the defendant. The plaintiff had a verdict in his favor and defendant appeals from the judgment entered thereon. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. It was error to charge as a matter of law that the operator of the machine was the defendant's employee, for whose negligence the defendant is liable. Under the facts in this case the issue should have been submitted to the jury as to whether or not the defendant had surrendered control of the machine and its operator to such an extent that the operator became, for the time being, the servant of the Works Progress Administration and subject to its instructions in the manner of operation of the machine. Hagarty, Adel and Close, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to affirm the judgment.

ANTHONY DELLA SORTE, Appellant, v. HOME OWNERS' LOAN CORPORATION, Respondent.— Appeal from order denying plaintiff's motion to examine the defendant corporation under sections 288 and 289 of the Civil Practice Act in a negligence action. Order affirmed, with ten dollars costs and disbursements. A public corporation does not come within the language of sections 288 and 289 of the Civil Practice Act, and, therefore, is not subject to the provisions of those sections. (*Kasitch* v. *City of Albany*, 283 N. Y. 622, decided May 21, 1940; *Bush Terminal Co.* v. *City of New York*, 259 id. 509; *Davidson* v. *City of New York*, 221 id. 487.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

HELEN A. STEVENSON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained while plaintiff, a passenger of defendant railroad company, was alighting from one of its cars, plaintiff had a verdict. Judgment reversed on the facts and a new trial granted, with costs to abide the event, on the ground that the verdict is against the weight of the evidence. Johnston, Adel and Close, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm the judgment.