PATRICK KENNEDY, Respondent, v. FEHLHABER PILE Co., INC., and Another, Defendants; TRIBOROUGH BRIDGE AUTHORITY, Appellant.— Appeal by defendant-appellant from so much of an order as directs examination of it before trial. Order modified on the law by striking therefrom the direction that the defendant Triborough Bridge Authority appear for examination before trial and produce books, papers and records at such examination, and, as so modified, affirmed, with ten dollars costs and disbursements to the appellant. By section 3 of the General Corporation Law the Legislature has defined the terms " municipal corporation " and " public benefit corporation " and has recognized a difference between such corporations. It has also expressly characterized the appellant as a " public benefit corporation." (Public Authorities Law, § 552.) In considering the legislative intent in enacting section 292-a of the Civil Practice Act, we must construe the term " municipal corporation " in accordance with the definition which the Legislature itself has adopted, and, therefore, must conclude that had the Legislature intended to place public benefit corporations, as defined by it, within the scope of that statute, it would have done so by express inclusion. In the absence of such express provision in the statute, the appellant is without the scope of the statute and cannot be examined before trial. (*Rucker* v. *Board of Education*, 284 N. Y. 346; *Sorte* v. *Home Owners' Loan Corporation*, 259 App. Div. 1053.) The authority of *Callanan Road Improvement Co.* v. *McMullen Co.* (253 App. Div. 424; affd., without opinion, 280 N. Y. 536) is without application. The Albany Port Authority, as was pointed out in that case, was created prior

to the formulation of the definitions by the Legislature of municipal corporations and public benefit corporations and, therefore, the status of the Port Authority is to be regarded in the light of the commonly accepted definition of municipal corporations. In addition, the powers of the Port Authority are much broader than those of the appellant. The powers and duties of the appellant come fairly within the legislative definition of public benefit corporations. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.