HENRY G. ALLMEROTH, Plaintiff, *v.* TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Defendant.

Supreme Court, Special Term, Westchester County, August 23, 1954.

*James B. McLaughlin* for defendant.

*Lewis M. Batkin* for plaintiff.

DOSCHER, J. Plaintiff brings this action sounding in negligence. Defendant moves to dismiss the complaint on the ground that it fails to state a cause of action.

The accident in this case happened on November 14, 1953. Notice of intention to sue was served on April 13, 1954, just short of five months after the occurrence. The question involved

in this application is the applicability of section 50-e of the General Municipal Law.

The defendant, Triborough Bridge and Tunnel Authority, is a public benefit corporation (*Kennedy* v. *Fehlhaber Pile Co.*, 263 App. Div. 819). As such, it is a public corporation, entitled to notice of claim in any action founded upon tort. The time within which such notice of claim must be served is at issue.

Under section 569-a of the Public Authorities Law, it is provided that the notice of claim shall be filed "within six months after such cause of action * * * accrued". This provision was added by chapter 872 of the Laws of 1939. In 1945, however, chapter 694 of the Laws of 1945, was enacted; section 1 of that chapter is now known as section 50-e of the General Municipal Law. That section provides for service of a notice of claim "within ninety days after the claim arises". Section 13 of the same chapter provides that section 50-e of the General Municipal Law "shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and [General Municipal Law, § 50-e] shall be controlling". The plain enactment of the Legislature makes section 50-e the controlling statute.

On the face of the complaint, it appears that the notice of claim was not served within the required ninety days.

Motion to dismiss is granted.

Settle order on notice.