■ PAUL R. JOHNSON, Appellant, v COUNTY OF CHAUTAUQUA, Respondent. — Order unanimously reversed, with costs, defendant's motion denied and plaintiff's motion granted. Memorandum: Plaintiff sued defendant County of Chautauqua for money damages alleging wrongful acts by the Chautauqua County Department of Health in ordering cessation of construction of plaintiff's apartment complexes and in wrongfully denying a variance from a purported moratorium on construction. A notice of claim pursuant to section 50-e of the General Municipal Law was timely served upon the defendant. This action was thereafter commenced by service of a summons and complaint within the statutory one-year and 90-day period (General Municipal Law, § 50-i) after the happening of the event upon which the claim is based. The defendant's answer contained an affirmative defense that plaintiff's cause of action was time barred by virtue of the six-month Statute of Limitations contained within section 329 of the Public Health Law. Cross motions were made by plaintiff pursuant to CPLR 3211 (subd [b]) seeking to dismiss the Statute of Limitations defense and by defendant seeking to dismiss the complaint. At Special Term the parties stipulated that the only question to be resolved was: "Does the six month statute of limitations of the Public Health Law §329 apply or does §50(i) of General Municipal Law calling for a statute of limitations of one year 90 days from the date of the occurrence apply herein as to the facts alleged in the amended complaint filed by the plaintiff?" Special Term erroneously found that section 329 of the Public Health Law was controlling and ordered the complaint dismissed. Subdivision 2 of section 50-i of the General Municipal Law provides that the section is applicable "notwithstanding any inconsistent provisions of law, general, special, or local" and thus supersedes the shorter six-month Statute of Limitations contained in section 329 of the Public Health Law (see *Drake v City of Rochester,* 96 Misc 2d 86, affd 74 AD2d 996). (Appeal from order of Chautauqua Supreme Court, Ricotta, J. — dismiss complaint.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.