OPINION OF THE COURT
In Pierson v City of New York.
Memorandum.
The order of the Appellate Division should be reversed, with costs, the motion to dismiss the city’s affirmative defense should be denied and the certified question answered in the negative.
The 1976 amendments to section 50-e of the General Municipal Law permit a court to grant an application to file a late notice of claim after the commencement of the action but preclude the court from granting an extention which would exceed “the time limited for the commencement of an action by the claimant against the public corporation” (L 1976, ch 745, § 2 [now General Municipal Law, § 50-e, subd 5]). That means that the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled (General Municipal Law, § 50-i, subd 1; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262-263). This result is compelled by precedent, by sound principles of statutory interpretation, and by common *955 sense. To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly prohibits the court from doing so. In our view, it was the intention of the Legislature, manifested in the amended statute, to relax the objectionably restrictive features of the old statute, but to fix the period of the Statute of Limitations as the period within which any relief must be sought. With the expiration of the period of limitations comes the bar to any claim.
The history of the statute does not support the dissenter’s contention that the Legislature intended to permit the court to grant the application at any time. The 1976 legislative documents, on which the dissent so heavily relies, simply show that the revisions of subdivision 5 of section 50-e were meant to alter the substantive criteria upon which the court could grant the application to file a late notice of claim (Twenty-first Ann Report of NY Judicial Conference, 1976, pp 286, 297-303, 358, 401-403, 412). No mention was made of any intent to abandon the longstanding requirement that the application must be made within a specified and relatively short period of time, nor was it proposed that the court be permitted to grant an application to file a late notice of claim whenever made, even many years after the event. On the contrary, Professor Graziano’s study expressly states that even if the liberalizing amendments were adopted “applications under subdivision 5 of section 50-e must still be made within one year after the happening of the event upon which the claim is based” {ibid., p 412). The final version and latest amendment simply extends that period by an additional 90 days.
To the extent that the recent amendments may fail to remove the harsher aspects of the statute, in accordance with this court’s suggestion in Camarella v East Irondequoit Cent. School Bd. (34 NY2d 139,142), it is sufficient to note that calls for broad reform are often met by more modest revisions on the part of the Legislature.
In this case the time for filing a notice without court approval had expired and no application for an extension was made prior to the expiration of the Statute of Limita *956 tions. Thus the court lacked the power to authorize late filing of the notice.
In Moore v City of New York.
Memorandum.
The primary issue is resolved by our decision in Pierson v City of New York. In addition we find no merit to the plaintiff’s contention that the statutory period did not begin to run until she discovered the fact that her building had been destroyed. Demolishing a building located on a city street cannot be fairly characterized as a surreptitious act akin to embezzlement, nor can it be said that the building after its removal is comparable to a hidden object.
In Tarquinio v City of New York.
Order affirmed, with costs (see Pierson v City of New York, decided herewith).