■ NARESH K. DUA et al., Respondents, v SUFFOLK COUNTY et al., Respondents, and TOWN OF HUNTINGTON et al., Appellants. — Appeal by the Town of Huntington and Huntington Sewer Authority, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated March 18, 1982, as granted petitioners' motion (1) for leave to serve a late notice of claim *nunc pro tunc* upon the Town of Huntington and the Huntington Sewer Authority and (2) to add the Town of Huntington and the Huntington Sewer Authority as additional parties in an action against Suffolk County and the Suffolk County Sewer Authority. Order reversed insofar as appealed from, on the law, with costs, and petitioners' motion for leave to serve a late notice of claim upon the Town of Huntington and the Huntington Sewer Authority and to add them as parties denied. Special Term was without jurisdiction to grant the application after the expiration of the applicable Statute of Limitations (see General Municipal Law, § 50-e, subd 5; § 50-i, subd 1; *Moore v City of New York,* 84 AD2d 562, affd 56 NY2d 950). It should be noted that although petitioners alleged that they were misled as to who was the owner of the sewer which malfunctioned and caused damage to their property, these allegations were directed solely toward the County of Suffolk. In response to these allegations, Special Term dismissed the third affirmative defense interposed by Suffolk County and Suffolk County Sewer Authority, viz., that "the County of Suffolk does not own, operate, maintain or control [the] sewer district serving plaintiffs' premises" and those defendants have not appealed from that part of Special Term's order. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.

■ KINGS PARK BUTCHER SHOP, INC., Respondent, v CITY OF LONG BEACH, Appellant. — In an action pursuant to RPAPL article 15 to compel a determination of claims to real property, the City of Long Beach appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Pantano, J.), entered September 21, 1981, which, *inter alia,* upon plaintiff's motion for a preliminary injunction, granted said relief and further held that "the taking of title by a deed issued by the County of Nassau to Plaintiff's predecessor in title bars Defendant [City of Long Beach] from pursuing its tax liens for the period prior to the said [county] tax lien foreclosure". Order and judgment reversed insofar as appealed from, with costs, the provisions granting declaratory relief to the plaintiff and its motion for a preliminary injunction are vacated and plaintiff's motion is denied. Plaintiff's time to redeem is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. The public policy stated in *City of Rochester v Kapell* (86 App Div 224, affd 177 NY 533) and the decisions of *Incorporated Vil. of Garden City v Roeder* (254 App Div 747) and *County of Nassau v Lincer* (254 App Div 746, 254 App Div 760, affd 280 NY 662) (interpreting provisions of the Nassau County Tax Act, predecessor of the subject Nassau County Administrative Code section) require reversal and denial of plaintiff's motion (cf. *Segar v Youngs,* 45 NY2d 568, interpreting Real Property Tax Law, § 1020 [subd 1], and note amendment to that statute [L 1979, chs 700, 701]). In the interests of justice, however, plaintiff's time to redeem is extended until 30 days after the service upon it of a copy of the order to be made hereon, with notice of entry. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.