■ KINGS PARK BUTCHER SHOP, INC., Respondent, v CITY OF LONG BEACH, Appellant. — In an action pursuant to RPAPL article 15 to compel a determination of claims to real property, the City of Long Beach appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Pantano, J.), entered September 21, 1981, which, *inter alia,* upon plaintiff's motion for a preliminary injunction, granted said relief and further held that "the taking of title by a deed issued by the County of Nassau to Plaintiff's predecessor in title bars Defendant [City of Long Beach] from pursuing its tax liens for the period prior to the said [county] tax lien foreclosure". Order and judgment reversed insofar as appealed from, with costs, the provisions granting declaratory relief to the plaintiff and its motion for a preliminary injunction are vacated and plaintiff's motion is denied. Plaintiff's time to redeem is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. The public policy stated in *City of Rochester v Kapell* (86 App Div 224, affd 177 NY 533) and the decisions of *Incorporated Vil. of Garden City v Roeder* (254 App Div 747) and *County of Nassau v Lincer* (254 App Div 746, 254 App Div 760, affd 280 NY 662) (interpreting provisions of the Nassau County Tax Act, predecessor of the subject Nassau County Administrative Code section) require reversal and denial of plaintiff's motion (cf. *Segar v Youngs,* 45 NY2d 568, interpreting Real Property Tax Law, § 1020 [subd 1], and note amendment to that statute [L 1979, chs 700, 701]). In the interests of justice, however, plaintiff's time to redeem is extended until 30 days after the service upon it of a copy of the order to be made hereon, with notice of entry. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.

to determine claims to real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Velsor, J.), entered February 2, 1982, which (1) held that the Nassau County Administrative Code (L 1939, ch 272) governs the conveyance of a Nassau County Treasurer's deed, (2) held that the conveyance of a tax deed by the Treasurer of Nassau County on March 23, 1977 to one Carmine Ribaudo, plaintiff's predecessor in title, did not extinguish the tax liens of the defendant City of Long. Beach accruing prior to the conveyance of the Nassau County Treasurer's deed, (3) denied plaintiff's motion for summary judgment and (4) granted summary judgment to the defendant City of Long Beach and dismissed the complaint. Order and judgment affirmed, with costs (see *Kings Park Butcher Shop v City of Long Beach,* 96 AD2d 1072 [No. 4]). Plaintiff's time to redeem is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.