■ ELAINE WALTER et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated December 21, 1987, which denied their motion to deem a certain notice of claim to have been served nunc pro tunc on the defendant on November 25, 1986 rather than on November 26, 1986.

Ordered that the order is affirmed, with costs.

The plaintiff Elaine Walter was allegedly injured when she fell on a sidewalk curb allegedly designed by the defendant in a defective manner. The plaintiffs served their notice of claim on the Comptroller of the City of New York 91 days after Mrs. Walter's fall. On December 9, 1986, the Comptroller disallowed the plaintiffs' claim because the notice was not served on time in compliance with General Municipal Law § 50-e (1) (a). Nearly a year later, on or about December 3, 1987, the plaintiffs moved for an order directing the defendant to deem their notice to have been served in a timely fashion nunc pro tunc. The Supreme Court denied the plaintiffs' motion.

General Municipal Law § 50-e (1) (a) requires a notice of claim to be served within 90 days after the claim arises. Even if the plaintiffs' motion were deemed an application for leave to serve a late notice under General Municipal Law § 50-e (5), the Supreme Court was correct in denying the motion since it was made after the expiration of the Statute of Limitations *(see, Pierson v City of New York,* 56 NY2d 950; *Dua v Suffolk County,* 96 AD2d 1072). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.