■ JOSEPH BOURGUIGNON, as Administrator of the Estate of RAYMOND BOURGUIGNON, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages for wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated August 16, 1988, as denied that branch of their motion which was to dismiss the second cause of action to recover damages for conscious pain and suffering.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the second cause of action is granted, and the second cause of action is dismissed.

The record reveals that the plaintiff's decedent died on January 24, 1982, and that the plaintiff was thereafter appointed as personal representative of the decedent. A notice of claim was served upon the defendants on or about May 17, 1982, seeking recovery, *inter alia,* for wrongful death and conscious pain and suffering. On or about April 19, 1988, the defendants moved, among other things, to dismiss the second cause of action to recover for the decedent's conscious pain

and suffering. The Supreme Court denied this branch of the motion. We now reverse.

Inasmuch as the plaintiff failed to file a notice of claim with respect to the cause of action to recover for conscious pain and suffering within the 90-day period after the claim arose, the notice was untimely as regards that claim *(see,* General Municipal Law § 50-e [1] [a]; *Nicholas v City of New York,* 130 AD2d 470; *Gibbons v City of Troy,* 91 AD2d 707). Moreover, the plaintiff's failure to move for leave to serve a late notice of claim within the 1-year-and-90-day limitations period applicable to that claim deprived the court of the authority to permit late service or to deem the notice timely in the exercise of its discretion *(see, Pierson v City of New York,* 56 NY2d 950; *Lopez v Brentwood Union Free School Dist.,* 149 AD2d 474; *Myrick v County of Suffolk,* 139 AD2d 633). Accordingly, dismissal of the second cause of action to recover damages for conscious pain and suffering is mandated. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.