■ ROBERT CARR, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated February 6, 1990, which (1) granted the plaintiff's motion to amend the notice of claim and to deem the amended notice of claim timely served nunc pro tunc, and (2) denied the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff served a notice of claim upon the defendant on September 20, 1988, seeking recovery for an accident which allegedly occurred on June 25, 1988. However, on September 13, 1989, the plaintiff's counsel allegedly learned that the plaintiff's accident had in fact occurred on June 18, 1988, rather than June 25, 1988. Therefore, the notice of claim had not been timely served within 90 days after the claim arose. Counsel then served the defendant with a copy of the summons and complaint reflecting the true date of the accident immediately thereafter. However, it was not until on or about October 26, 1989, that the plaintiff moved to amend the notice of claim to correct the accident date and to deem the amended notice of claim timely served nunc pro tunc. The defendant cross-moved for summary judgment on the ground that the notice of claim was not timely served within 90 days after the claim arose as required by General Municipal Law § 50-e (1) (a), and that the plaintiff's application to have the notice of claim deemed timely served should be denied because it was not made until after the expiration of the one-year-and-90-day

limitations period applicable to this action *(see,* General Municipal Law § 50-e [5]). The Supreme Court granted the plaintiff's motion to amend the notice, deemed it timely served nunc pro tunc, and denied the defendant's cross-motion. We now reverse.

While a motion to correct a notice of claim may be made at any time *(see,* General Municipal Law § 50-e [6]) and should be granted where the error was made in good faith and there is an absence of prejudice to the municipality *(see, e.g., Capo v City of New York,* 166 AD2d 201; *Burke v Incorporated Vil. of Hempstead,* 156 AD2d 630; *Tucker v Long Is. R. R. Co.,* 128 AD2d 517), the plaintiff herein additionally sought an order deeming the service of the late notice timely nunc pro tunc. Such an application must be made within the limitations period for the commencement of the action *(see,* General Municipal Law § 50-e [5], *Pierson v City of New York,* 56 NY2d 950). The plaintiff's failure to seek such relief within one year and 90 days after the claim accrued "deprived the court of the authority to permit late service or to deem the notice timely in the exercise of its discretion" *(Bourguignon v City of New York,* 157 AD2d 644, 645; *see, Walter v City of New York,* 154 AD2d 592; *Lopez v Brentwood Union Free School Dist.,* 149 AD2d 474). Accordingly, the plaintiff's motion must be denied, and the defendant is entitled to summary judgment dismissing the complaint for failure to timely serve a notice of claim. Kunzeman, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.