■ JAMES R. GUILLAN et al., Respondents, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Appellants. [609 NYS2d 38] —In an action to recover damages for personal injuries, etc.,

the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), dated March 11, 1991, which denied their motion to dismiss the complaint and which granted the plaintiffs' cross motion to the extent that a previously-served notice of claim was deemed timely served.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to dismiss the complaint is granted, the plaintiffs' cross motion for leave to serve a late notice of claim is denied, and the complaint is dismissed.

The plaintiff James Guillan allegedly sustained personal injuries on April 23, 1990, when his vehicle was struck by a tow truck owned by the defendant Triborough Bridge and Tunnel Authority and operated by the defendant James Rosowski. A notice of claim was served on or about August 29, 1990. The present action was commenced by service of a summons and complaint on or about April 4, 1991.

On November 13, 1991, the defendants moved to dismiss the complaint, asserting that the plaintiffs had failed to file a notice of claim within 90 days of the accident in accordance with the terms of General Municipal Law § 50-e. On or about January 16, 1992, the plaintiffs cross-moved for leave to serve a late notice of claim. The Supreme Court denied the defendants' motion and granted the plaintiffs' cross motion to the extent that the notice of claim served on or about August 29, 1990, was deemed timely. We reverse.

The Triborough Bridge and Tunnel Authority (hereinafter the TBTA) is "a body corporate and politic constituting a public benefit corporation" (Public Authorities Law § 552 [1]; see also, Union Free School Dist. No. 3 v Town of Rye, 256 App Div 456, affd 280 NY 469). The TBTA is therefore a "public corporation" within the meaning of General Municipal Law § 50-e (1) (a) (see, General Construction Law § 66 [4]). Pursuant to the terms of General Municipal Law § 50-e (1) (a), the plaintiffs were required to serve a notice of claim within 90 days because their action was one "founded upon tort" and because the law (see, Public Authorities Law § 569-a) required the serving of a notice of claim as a "condition precedent to the commencement of [their] action" (General Municipal Law § 50-e [1] [a]).

Pursuant to Public Authorities Law § 569-a (2), "[a]n action against the [TBTA] for damages for * * * personal injuries * * * shall not be commenced * * * unless a notice * * * to commence such action * * * shall have been filed * * * within six months after such cause of action shall have accrued". The

terms of Public Authorities Law § 569-a (2) and General Municipal Law § 50-e (1) (a) are inconsistent with respect to the period within which potential personal injury claimants must file their notices of claim. The more general statute (General Municipal Law § 50-e [1] [a]) provides for a 90-day period; the statute which specifically governs notices to be filed with the TBTA provides for a six-month period.

We agree with the defendants that the 90-day period prescribed in General Municipal Law § 50-e supersedes the six-month period prescribed in Public Authorities Law § 569-a (2). The provision of the Public Authorities Law was enacted in 1939 *(see,* L 1939, ch 872, § 1). The provision of the General Municipal Law was enacted in 1945 *(see,* L 1945, ch 694, § 1). Moreover, when the General Municipal Law provisions noted above were enacted in 1945, the Legislature expressed its intent to supersede prior inconsistent laws and included in the legislation a statement that "[t]he provisions of section fifty-e of the general municipal law, as added by this act, shall supersede inconsistent provisions of any general, special, or local law, or charter provisions, and shall be controlling" (L 1945, ch 694, § 13).

The Court of Appeals has previously held that the 90-day period embodied in General Municipal Law § 50-e (1) (a) superseded the six-month period contained in a 1939 law which governed the notices of claim to be served prior to the commencement of tort actions against public *housing* authorities, which is substantially analogous to the 1939 law under review in the present case *(see, Robinson v New York City Hous. Auth.,* 8 AD2d 747, *affd* 7 NY2d 908; *see also, Matter of Valente v New York City Hous. Auth.,* 201 Misc 24). We conclude that the Legislature consciously mandated the supersession of the six-month period prescribed in Public Authorities Law § 569-a and consciously mandated that this longer period be replaced by the shorter 90-day period prescribed in General Municipal Law § 50-e (1) (a) *(see, Allmeroth v Triborough Bridge & Tunnel Auth.,* 206 Misc 529; *see also, Ling Ling Yung v County of Nassau,* 77 NY2d 568 [CPLR provisions as to service on county supersede previously enacted inconsistent provisions of County Administrative Code]; *Johnson v County of Chautauqua,* 84 AD2d 960 [one-year 90-day Statute of Limitations in General Municipal Law § 50-i supersedes six-month Statute of Limitations in Public Health Law § 329]; *cf., Reinhart v Troy Parking Auth.,* 36 AD2d 654 [Public Authorities Law tit 8, enacted subsequent to the General Municipal Law, supersedes prior law]).

"A review of the legislative history of section 50-e of the General Municipal Law reveals that it was enacted to establish a uniform and equitable procedural system for instituting tort claims against public corporations. Such a system was intended to supersede the numerous and inconsistent procedural hurdles erected by general and local laws" *(Adkins v City of New York,* 43 NY2d 346, 350).

We reject the plaintiffs' argument that the amendment made to Public Authorities Law § 569-a (2) in 1990 constitutes proof that the Legislature intended to establish a discrepancy between the notice of claim provisions applicable to the TBTA and those applicable to municipal corporations in general. The 1990 amendment to Public Authorities Law § 569-a (2) *(see,* L 1990, ch 804, § 3) merely removes wrongful death actions from the scope of the statute. This amendment was part of an overall legislative package *(see,* L 1990, ch 804, §§ 1-126) which was clearly designed to promote uniformity with respect to both the notice of claim provisions *(see,* L 1990, ch 804, § 1, adding Public Authorities Law § 2980 [90-day notice of claim provision]) and the Statute of Limitations *(see,* L 1990, ch 804, § 1, adding Public Authorities Law § 2981 [two-year limitations period]) which would be applicable in wrongful death actions against various public authorities. This act, like the 1945 enactment of General Municipal Law § 50-e, is designed to promote uniformity, not to institute or perpetuate the sort of discrepancy which the plaintiffs assert the Legislature intends.

The plaintiffs concededly did not comply with the terms of General Municipal Law § 50-e (1) (a), since they moved to have their late notice of claim deemed timely served nunc pro tunc only after the applicable Statute of Limitations had expired. The court was therefore powerless to grant their cross motion *(see,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950; *Carr v City of New York,* 176 AD2d 779; *Walter v City of New York,* 154 AD2d 592).

For these reasons, the order appealed from is reversed and the complaint is dismissed. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.