■ MARGARET BELL, Respondent, v TOWN OF OYSTER BAY, Appellant. [649 NYS2d 799] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered June 5, 1995, which granted the plaintiff's application for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's application is denied, and the complaint is dismissed.

It is well settled that an application for leave to serve a late notice of claim must be brought within the one year and 90-day limitation period provided for by General Municipal Law § 50-i (*see,* General Municipal Law § 50-e [5]). It is undisputed that the plaintiff was injured in a motor vehicle accident involving a truck owned by the defendant Town on December 1, 1993. The plaintiff conceded that her application for leave to serve a late notice of claim was not filed with the court until March 2, 1995, and was not served on the Town until March 3, 1995, one year and 91 and one year and 92 days after the accident, respectively. Under these circumstances, the court had no jurisdiction to grant the application (*see, Pierson v City of New York,* 56 NY2d 950; *see also, Guillan v Triborough Bridge & Tunnel Auth.,* 202 AD2d 472, 475; *Carr v City of New York,* 176 AD2d 779; *Dua v Suffolk County,* 96 AD2d 1072). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.