■ PENNY KOKKINOS, Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [657 NYS2d 81] —In a negligence action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated April 8, 1996, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's purported cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

On February 14, 1994, the plaintiff allegedly sustained physical injuries as a result of a fall on an icy sidewalk situated on the campus of Queens College. A notice of claim was served upon the City of New York within the requisite 90-day period (*see*, General Municipal Law § 50-e) but the plaintiff subsequently discovered that the City was not the proper defendant. On or about May 23, 1994, a notice of claim was served upon the defendant New York State Dormitory Authority (hereinafter the Dormitory Authority). This notice was served after the expiration of the 90-day period of limitations and without leave of the court. On this basis the court dismissed the action. We affirm.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the Dormitory Authority's motion to dismiss the complaint for failure to comply with the notice of claim condition precedent set forth in General Municipal Law § 50-e (*see, Cosgrove v Romeo*, 230 AD2d 886; *Greco v Incorporated Vil. of Freeport*, 223 AD2d 674; *Guillan v Triborough Bridge & Tunnel Auth.*, 202 AD2d 472). While the plaintiff's initial service upon the wrong municipal entity might have constituted a reasonable excuse so as to support an application for leave to serve a late notice of claim made within the available one year and 90-day period (*see*, General Municipal Law § 50-e [5]), the plaintiff never made such a timely motion. The late service upon the Dormitory Authority was a nullity since it was made without leave of the court (*see, De La Cruz v City of New York*, 221 AD2d 168; *Armstrong v New York Convention Ctr. Operating Corp.*, 203 AD2d 170; *Carr v City of New York*, 176 AD2d 779; *Bourguignon v City of New York*, 157 AD2d 644). The plaintiff's purported cross motion to deem the late notice of claim timely served upon the Dormitory Authority nunc pro tunc was properly denied. The purported cross motion was improperly served without a notice of cross motion, and, in any event, the court did not possess the discretion to deem the late notice of claim timely served nunc pro tunc (*see, Cosgrove v Romeo, supra*). Accordingly, the court properly dismissed the complaint.

The plaintiff's remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.