◼ FRANKIE L. SANTIAGO, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [742 NYS2d 566] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 2, 2001, as, in effect, denied his motion for leave to serve a late notice of claim and granted the cross motion of the defendant the City of New York for summary judgment dismissing the complaint, on the ground that he failed to timely serve a notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is affirmed insofar as appealed from, with costs.

In his motion for leave to serve a late notice of claim, the plaintiff conceded that his original notice of claim was served on the defendant City of New York four days late. Thus, the late service of the original notice of claim was a nullity since it was made without leave of the court (*see Kokkinos v Dormitory Auth. of State of N.Y.,* 238 AD2d 550, 551; *Carr v City of New York,* 176 AD2d 779; *Bourguignon v City of New York,* 157 AD2d 644, 645). Furthermore, since the plaintiff's motion for leave to serve a late notice of claim was made more than one year and 90 days after the accrual date of the claim, the Supreme Court did not have the authority to grant the motion (*see* General Municipal Law § 50-e [5]; § 50-i; *Hibbert v Suffolk County Dept. of Probation,* 267 AD2d 205; *Matter of Turner v New York City Hous. Auth.,* 243 AD2d 636, 637).

The Supreme Court properly granted the City's cross motion for summary judgment dismissing the complaint on the ground

that the plaintiff failed to timely serve a notice of claim (*see Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018; *Warren v Baldwin Union Free School Dist.,* 281 AD2d 413).

We decline to reach the plaintiff's contention, in contradiction to his concession below, that the original notice of claim was timely served, as that contention is raised for the first time on appeal (*see Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414, 415; *Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693, 694). Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.