WAYNE SMALL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [789 NYS2d 229]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Michael Talley appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated November 6, 2003, as granted the plaintiff's cross motion to deem a late notice of claim timely served nunc pro tunc, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to timely serve a notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's cross motion is denied, the appellants' cross motion is granted, the complaint is

dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

Service of a notice of claim was a condition precedent to commencing an action against the appellants herein, the New York City Transit Authority (hereinafter the NYCTA) and its employee, Michael Talley (*see* Public Authorities Law § 1212; *Adams v New York City Tr. Auth.,* 140 AD2d 572, 573 [1988]). The plaintiff failed to serve the notice of claim upon the NYCTA within the requisite 90-day statutory period (*see* General Municipal Law § 50-e [1] [a]), and served such notice nearly 11 months after the subject motor vehicle accident. The late service of the notice of claim upon the NYCTA was a nullity since it was made without leave of court (*see Santiago v City of New York,* 294 AD2d 483 [2002]; *Carr v City of New York,* 176 AD2d 779, 780 [1991]; *Bourguignon v City of New York,* 157 AD2d 644, 645 [1990]).

The plaintiff was required to move within one year and 90 days of the accrual date of the claim to deem the notice of claim served nunc pro tunc (*see Santiago v City of New York, supra; Carr v City of New York, supra; Bourguignon v City of New York, supra*). As the plaintiff cross-moved to deem the notice of claim served nunc pro tunc after the one year and 90-day accrual date of the claim, the Supreme Court was without authority to grant such relief (*see Pierson v City of New York,* 56 NY2d 950, 954-956 [1982]; *Santiago v City of New York, supra; Steward v New York City Hous. Auth.,* 205 AD2d 606, 607 [1994]; *Carr v City of New York, supra; Bourguignon v City of New York, supra; Walter v City of New York,* 154 AD2d 592 [1989]; *Binyard v City of New York,* 151 AD2d 712 [1989]). The fact that the plaintiff appeared for a General Municipal Law § 50-h hearing did not circumvent the requirement of service of a notice of claim within the requisite 90-day statutory period (*see Adams v New York City Tr. Auth., supra*).

Therefore, the Supreme Court erred in granting the plaintiff's cross motion to deem the notice of claim served nunc pro tunc, and in denying the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.

The parties' remaining contentions have been rendered academic in light of our determination. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.