CHRISLAIT PIERRE et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. [804 NYS2d 365]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 28, 2004, as denied its motion to dismiss the complaint insofar as asserted against it on the ground, inter alia, that the plaintiffs Maude Pierre and Kerby Pierre failed to timely serve a notice of claim pursuant to General Municipal Law § 50-e, and deemed so much of the notice of claim as was asserted on behalf of the plaintiff Kerby Pierre timely served nunc pro tunc.

Ordered that the order is modified by deleting the provisions thereof denying that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it by the plaintiffs Maude Pierre and Kerby Pierre, and deeming the notice of claim insofar as asserted on behalf of the plaintiff Kerby Pierre timely served nunc pro tunc, and substituting therefor a provision granting that branch of the motion and dismissing the complaint insofar as asserted against the appellant by those plaintiffs; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The defendant City of New York moved to dismiss the complaint insofar as asserted against it on the ground, inter alia, that the plaintiffs Kerby Pierre and Maude Pierre (hereinafter the plaintiffs) failed to serve a notice of claim within 90 days after accrual of the claim, which was a condition precedent for commencing an action against it (see General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Friedman v City of New York*, 19 AD3d 542 [2005]; *Perry v City of New York*, 238 AD2d 326 [1997]). The late service of the original notice of claim insofar as asserted on behalf of Kerby Pierre was a nullity since it was made without leave of the court (see *Friedman v City of New York, supra; Santiago v City of New York*, 294 AD2d 483 [2002]; *Kokkinos v Dormitory Auth. of State of N.Y.*, 238 AD2d 550, 551 [1997]; *Carr v City of New York*, 176 AD2d 779 [1991]), and Maude Pierre failed to serve any notice of claim. To avoid dismissal, the plaintiffs were required to move within one year and 90 days of the accrual date of the claim for leave to serve a late notice of claim (see *Small v New York City Tr. Auth.*, 14 AD3d

690 [2005]; *Santiago v City of New York, supra*). Since the plaintiffs failed to move for such relief within one year and 90 days from the date of accrual, that branch of the City's motion which was to dismiss the complaint insofar as asserted by the plaintiffs against it should have been granted (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Small v New York City Tr. Auth., supra; Santiago v City of New York, supra; Carr v City of New York, supra*). Furthermore, the Supreme Court erred in deeming the notice of claim insofar as asserted on behalf of Kerby Pierre timely served nunc pro tunc in the absence of a motion for such relief (*see* CPLR 2215).

The City's remaining contention is improperly raised for the first time on appeal. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.