■ ZHUZHANA PALAGASHVILI, Respondent, v CITY OF NEW YORK, Appellant, and YOUNG CHO et al., Respondents. [809 NYS2d 583]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated February 28, 2005, which denied its motion, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e, and granted the plaintiff's cross motion, among other things, to deem the notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the law, with costs to the appellant payable by the plaintiff, the motion is granted, the cross motion is denied, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent for commencing an action against the City of New York (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Pierre v City of New York,* 22 AD3d 733 [2005]; *Friedman v City of New York,* 19 AD3d 542 [2005]). Here, the plaintiff failed to serve a notice of claim within the statutory period, and the late notice of claim she served without leave of the court was a nullity (*see Pierre v City of New York, supra; Friedman v City of New York, supra; Santiago v City of New York,* 294 AD2d 483 [2002]). Furthermore, since the plaintiff's cross motion was made after the expiration of the one-year and 90-day limitations' period, the Supreme Court had no authority to grant it (*see Pierson v City of New York,* 56 NY2d 950, 954 [1982]; *Small v New York City Tr. Auth.,* 14 AD3d 690 [2005]; *Porcaro v Town of Beekman,* 15 AD3d 377 [2005]; *Santiago v City of New York, supra*). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.