■ MARIA URENA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent. [825 NYS2d 529]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated April 12, 2006, which denied her motion, inter alia, for leave to serve a late notice of claim and supplemental summons and amended complaint, and granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the New York City Health and Hospitals Corporation (hereinafter the NYCHHC) (*see* McKinney's Unconsolidated Laws of NY § 7401 [2]; General Municipal Law § 50-e [1] [a]; *Scantlebury v New York City Health & Hosps. Corp.,* 4 NY3d 606, 609 [2005]; *Maxwell v City of New York,* 29 AD3d 540, 541 [2006]). Here, no notice of claim was ever served upon the defendant. Further, since that branch of the plaintiff's motion which was for leave to serve a late notice of claim was made more than one year and 90 days after the accrual date of the claim, the Supreme Court did not have the authority to grant that branch of the motion, and the defendant's cross motion to dismiss the complaint was properly granted (*see* General Municipal Law § 50-e [5]; § 50-i; *Pierson v City of New York,* 56 NY2d 950, 955 [1982]; *Maxwell v City of New York, supra; Palagashvili v City of New York,* 26 AD3d 481 [2006]; *Small v New York City Tr. Auth.,* 14 AD3d 690, 691 [2005]; *Santiago v City of New York,* 294 AD2d 483 [2002]).

The plaintiff's contention that the defendant should have been equitably estopped from asserting the statute of limitations as a bar to her application for leave to serve a late notice of claim is without merit. There was no proof of any fraudulent concealment by the defendant (*see Maxwell v City of New York, supra*). Moreover, the plaintiff has shown no reliance on any purported fraud or deception by the defendant that would give rise to an estoppel (*see Matter of Economou v New York City Health & Hosps. Corp.,* 38 NY2d 662 [1976]; *Wade v New York City Health & Hosps. Corp.,* 16 AD3d 677 [2005]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Fisher and Covello, JJ., concur.