■ KARL McGRIFF et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, et al., Appellants. [831 NYS2d 486]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered March 8, 2006, which denied their motion to dismiss the complaint for failure to serve a timely notice of claim.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint for failure to serve a timely notice of claim is granted.

Prior to commencing this action to recover damages for medi-

cal malpractice, the plaintiffs neither served a timely notice of claim upon the defendants, as required by statute, nor sought leave, within the relevant one-year-and-90-day limitations period, to serve a late notice of claim (see McKinney's Unconsolidated Laws of NY § 7401 [2]; General Municipal Law §§ 50-e [5]; 50-i; *Pierson v City of New York*, 56 NY2d 950 [1982]; *Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446 [2006]; *Maxwell v City of New York*, 29 AD3d 540 [2006]). Thus, the Supreme Court should have granted the defendants' motion to dismiss the complaint.

The plaintiffs' contention, raised before the Supreme Court, that the relevant period of limitations was tolled by the continuous treatment doctrine, is without merit (see *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333 [1997]).

The plaintiffs' remaining contentions are without merit (see e.g. *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691 [1992]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.