■ ROBERT A. EGLIT, SR., Appellant, v COUNTY OF WESTCHESTER, Defendant, and WESTCHESTER MEDICAL CENTER et al., Respondents. [846 NYS2d 658]—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.) dated September 5, 2006, which granted the motion of the defendants Westchester Medical Center, Westchester County Healthcare Corporation, and Karen Buckley, and the separate motion of the defendants Roger Salisbury and Robert Koch to dismiss the action insofar as asserted against them pursuant to CPLR 3012 (b), and denied his cross motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

To avoid dismissal for failure to timely serve a complaint after demand therefor has been served pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action (*see Tutora v Schirripa*, 1 AD3d 349 [2003]; *Dunefsky v Petco Animal Supplies*, 303 AD2d 620 [2003]; *Balgley v Cammarata*, 299 AD2d 432 [2002]). The plaintiff failed to meet either of these requirements. Accordingly, the Supreme Court properly granted the respondents' motions to dismiss the action insofar as asserted against them.

The plaintiff's failure to move for leave to serve a late notice of claim within the one year and 90-day limitations period applicable to the claim against the defendants Westchester County Medical Center and Westchester County Healthcare Corporation deprived the court of authority to permit late service on those defendants (*see Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]; *Santiago v City of New York*, 294 AD2d 483 [2002]; *Spence v City of New York*, 290 AD2d 501 [2002]).

The plaintiff's remaining contentions either are without merit or do not warrant reversal. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.