In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered January 15, 2008, as denied her motion pursuant to General Municipal Law § 50-e (5) to deem a notice of claim served upon the defendant Long Island Power Authority timely served or, in the alternative, for leave to serve a late notice of claim upon the defendant Long Island Power Authority.
Ordered that the order is affirmed insofar as appealed from, with costs.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the defendant Long Island Power Authority (hereinafter LIPA) (see General Municipal Law § 50-e [1] [a]; § 50-i [1]; Public Authorities Law § 1020-y [3]; Benzinger v Town of Brookhaven, 288 AD2d 412 [2001]). Although late service of a notice of claim by leave of court is permitted under certain circumstances, the plaintiff was required to move pursuant to *653 General Municipal Law § 50-e (5) for leave to serve a late notice of claim within one year and 90 days of the date that her claim accrued (see Laroc v City of New York, 46 AD3d 760, 761 [2007]; Small v New York City Tr. Auth., 14 AD3d 690, 691 [2005]). The plaintiff failed to serve a notice of claim upon LIPA within the requisite 90-day period (see General Municipal Law § 50-e [1] [a]), and served a notice of claim upon LIPA one year and six months after her claim accrued. The late service of the notice of claim was a nullity since it was made without leave of court (see Small v New York City Tr. Auth., 14 AD3d at 691; Santiago v City of New York, 294 AD2d 483 [2002]). Furthermore, the plaintiff’s failure to move for leave to serve a late notice of claim within one year and 90 days of the date that her claim accrued deprived the Supreme Court of authority to deem the notice of claim timely served nunc pro tunc or permit late service of a notice of claim (see Pierson v City of New York, 56 NY2d 950, 954-956 [1982]; Small v New York City Tr. Auth., 14 AD3d at 691; Santiago v City of New York, 294 AD2d at 483). Accordingly, the Supreme Court properly denied the plaintiffs motion pursuant to General Municipal Law § 50-e (5) to deem the notice of claim timely served, or in the alternative, for leave to serve a late notice of claim upon LIPA.
The plaintiffs contention that LIPA should be equitably estopped from asserting the statute of limitations as a bar to her motion is without merit. There is no proof of any fraudulent concealment by LIPA (see Urena v New York City Health & Hosps. Corp., 35 AD3d 446 [2006]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.