■ STEVEN NEIL, Appellant, v CITY OF NEW YORK et al., Respondents. [944 NYS2d 533]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 14, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to amend the caption to reflect the true names of the correction officers designated as the "Doe" defendants, and granted the City defendants' cross motion to dismiss plaintiff's federal civil rights

claims under 42 USC § 1983 as against the "Doe" defendants, unanimously affirmed, without costs.

It is undisputed that plaintiff's federal civil rights claims against the "Doe" defendants are time-barred. Although the IAS court did not specifically address the issue, we find that the doctrine of equitable estoppel does not act to bar any of the defendants from raising the statute of limitations as a defense to plaintiff's federal claims. Initially, equitable estoppel does not apply to the "Doe" defendants, as it is the City, not the "Doe" defendants, who are alleged to have concealed the names of the two correction officers involved in the alleged assault. In any event, the application of equitable estoppel would be inappropriate as a matter of law, since plaintiff has failed to show due diligence in ascertaining the names of the officers (*see Pahlad v Brustman*, 33 AD3d 518, 520 [2006], *affd* 8 NY3d 901 [2007]). Further, there is no evidence in the record that defendants lulled plaintiff into inaction in order to allow the statute of limitations to expire (*East Midtown Plaza Hous. Co. v City of New York*, 218 AD2d 628, 628 [1995]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.