Plaintiff served a timely notice of claim on defendant City alleging that she was injured when she slipped and fell on a platform in a subway station. The motion court correctly granted defendant’s motion since it demonstrated that the subway station is leased to the NYCTA, and it is an out-of-possession landlord and not liable for negligence on the part of NYCTA (see McGuire v City of New York, 211 AD2d 428 [1st Dept 1995]). There is no prohibition against moving for summary judgment based on an unpleaded defense where the opposing party is not taken by surprise and does not suffer prejudice as a result (see Rosario v City of New York, 261 AD2d 380 [2d Dept 1999]). Nor is defendant equitably estopped from relying on the defense (see Neil v City of New York, 95 AD3d 608, 609 [1st Dept 2012]).
Plaintiffs cross motion seeking relief as to nonparty NYCTA was properly denied since plaintiff never served a notice of claim on the NYCTA and the statute of limitations of one year and 90 days has expired (see Public Authorities Law § 1212 [2]; General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950 [1982]; Singleton v City of New York, 55 AD3d 447 [1st Dept 2008]).
*455 We have considered plaintiffs remaining arguments and find them unavailing. Concur — Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.