Bennett v City of Buffalo Parks & Recreation (2021 NY Slip Op 01920)





Bennett v City of Buffalo Parks & Recreation


2021 NY Slip Op 01920


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


853 CA 20-00271

[*1]AUDREY BENNETT, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO PARKS AND RECREATION, DEFENDANT-APPELLANT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICES OF ROBERT D. BERKUN, BUFFALO (PHILIP A. MILCH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered September 24, 2019. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint and granted plaintiff's cross motion for an order deeming her notice of claim to be timely filed nunc pro tunc. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted, and the complaint is dismissed.
Memorandum: On February 13, 2018, plaintiff allegedly slipped and fell on snow-covered ice on a sidewalk in front of property owned by defendant. Plaintiff concedes that no timely notice of claim was served. Plaintiff served an untimely notice of claim, followed by a summons and complaint. Defendant moved for summary judgment dismissing the complaint for failure to serve a timely notice of claim and, by notice of cross motion filed August 7, 2019, plaintiff sought an order deeming her notice of claim to be timely filed nunc pro tunc. Defendant now appeals from an order denying the motion and granting the cross motion. We reverse.
It is well settled that an "application for the extension [of time within which to serve a notice of claim] may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled" (Pierson v City of New York, 56 NY2d 950, 954 [1982]; see Matter of Attallah v Nassau Univ. Med. Ctr., 131 AD3d 609, 609 [2d Dept 2015]). Where that time expires before the application for an extension is made, "the court lack[s] the power to authorize late filing of the notice [of claim]" (Pierson, 56 NY2d at 956).
Here, we conclude that "[p]laintiff's service of the summons and complaint within the limitations period does not excuse the failure to serve a notice of claim within that period," and we further conclude that "plaintiff's earlier service of a notice of claim is a nullity inasmuch as the notice of claim was served more than 90 days after the accident but before leave to serve a late notice of claim was granted" (Wall v Erie County, 26 AD3d 753, 753 [4th Dept 2006]; see Fixter v County of Livingston, 143 AD3d 1294, 1294-1295 [4th Dept 2016]; Matter of Witt v Town of Amherst [appeal No. 2], 17 AD3d 1030, 1031 [4th Dept 2005]). Thus, because plaintiff's cross motion seeking an order deeming her notice of claim to be timely filed "was made after the expiration of the maximum period permitted" for seeking such relief, i.e., one year and 90 days, Supreme Court should have denied plaintiff's cross motion, granted defendant's motion, and dismissed the complaint (Matter of Donovan v County of Niagara, 100 AD2d 740, 740 [4th Dept 1984], affd 64 NY2d 973 [1985]; see General Municipal Law §§ 50-e [5]; 50-i [1]; Pierson, 56 NY2d at 954).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court