Lalime v R.A.C. Engg. P.C. (2024 NY Slip Op 01404)

Lalime v R.A.C. Engg. P.C.

2024 NY Slip Op 01404

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

84 CA 23-00700

[*1]JAMES LALIME AND JUDY LALIME, PLAINTIFFS-RESPONDENTS,
v
R.A.C. ENGINEERING P.C., ET AL., DEFENDANTS, AND TOWN OF CLARENCE, DEFENDANT-APPELLANT. 

WEBSTER SZANYI LLP, BUFFALO, GERBER CIANO KELLY BRADY LLP (MATTHEW S. LERNER OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (THOMAS D. LYONS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered April 3, 2023. The order denied the motion of defendant Town of Clarence to dismiss the complaint and all cross-claims against it and granted the cross-motion of plaintiffs for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross-motion is denied, the motion is granted and the complaint and all cross-claims against defendant Town of Clarence are dismissed.
Memorandum: On September 18, 2020, plaintiffs' house collapsed. Plaintiffs served an untimely notice of claim on defendant Town of Clarence (Town), followed by an amended summons and a complaint. The Town moved to dismiss the complaint and all cross-claims against it based on plaintiffs' failure to serve a timely notice of claim and, by notice of cross-motion filed on September 6, 2022, plaintiffs sought, inter alia, leave to serve a late notice of claim. The Town now appeals from an order denying the motion and granting the cross-motion. We reverse.
It is well settled that an application for the extension of time within which to serve a notice of claim "may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled" (Pierson v City of New York, 56 NY2d 950, 954 [1982]; see Bennett v City of Buffalo Parks & Recreation, 192 AD3d 1684, 1685 [4th Dept 2021]). Where that time expires before the application for an extension is made, "the court lack[s] the power to authorize late filing of the notice [of claim]" (Pierson, 56 NY2d at 956).
Here, we conclude that plaintiffs' earlier service of a notice of claim is a nullity inasmuch as, even accounting for the toll provided by the COVID-19 executive orders (see Executive Order [A. Cuomo] Nos. 202.28 [9 NYCRR 8.202.28], 202.72 [9 NYCRR 8.202.72]), "the notice of claim was served more than 90 days after the accident but before leave to serve a late notice of claim was granted" (Bennett, 192 AD3d at 1685 [internal quotation marks omitted]; see Wall v Erie County, 26 AD3d 753, 753 [4th Dept 2006]). Thus, because plaintiffs' cross-motion "was made after the expiration of the maximum period permitted for seeking such relief, i.e., one year and 90 days," Supreme Court should have denied the cross-motion, granted the motion, and dismissed the complaint and cross-claims against the Town (Bennett, 192 AD3d at 1685 [internal quotation marks omitted]; see General Municipal Law
§§ 50-e [5]; 50-i [1]; Pierson, 56 NY2d at 954).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court