█    JOSEPH E. GUARRERA, Individually and as Administrator of the Estate of ANGELA M. GUARRERA, Deceased, et al., Appellants, v A. L. LEE MEMORIAL HOSPITAL et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order of Special Term which granted summary judgment in favor of defendants, A. L. Lee Memorial Hospital and Michael Bowser, upon the grounds that plaintiff had failed to comply with sections 50-d, 50-e and 50-i of the General Municipal Law. Noncompliance with said sections is conceded by plaintiff. Nevertheless, he urges that section 50-e, requiring a 90-day notice of claim against a public corporation, is unconstitutional in that it is violative of the equal protection guarantees of our State and Federal Constitutions; or, in the alternative, estoppel of defendants to assert the provisions of said statutory section. Plaintiff premises his contention of unconstitutionality primarily upon two decisions of the Supreme Courts of the States of Michigan and Nevada which determined that statutory notice provisions of those jurisdictions, comparable to our section 50-e, constituted an unconstitutional deprivation of the equal protection guarantees of the respective State Constitutions and the Federal Constitution. (See *Reich v State Highway Dept.,* 386 Mich 617; *Turner v Staggs,* 89 Nev 230, cert den 414 US 1079.) After careful consideration and analysis of the decisions of our sister States, we do not agree with their conclusions of unconstitutionality, based as they are upon rejection of our State's well-established declaration of the purpose for the notice requirement under section 50-e of the General Municipal Law. The Court of Appeals in *Teresta v City of New York* (304 NY 440, 443) stated: "The prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available. (See, e.g., *Sweeney v City of New York,* 225 N. Y. 271, 273; *Purdy v City of New York,* 193 N. Y. 521, 523; *Matter of Figueroa v City of New York,* 279 App. Div. 771; see, also, Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 265, 277.)" (In accord see: *Sandak v Tuxedo Union School Dist. No. 3,* 308 NY 226, 232; *Winbush v City of Mount Vernon,* 306 NY 327, 333; and see *Matter of Powell v Town of Gates,* 36 AD2d 220, 222; *Erickson v Town of Henderson,* 30 AD2d 282.) Such statutory purpose is still valid and cannot be said to cease to exist due to changed circumstances, as concluded by the Michigan and Nevada Supreme Courts. Our conclusion logically negates acceptance of their corollary determination that the statutory notice provision constitutes an arbitrary and unreasonable variance in the treatment of tort-feasors, that is, private vis-à-vis municipal, and tort-feasor victims. Nor do we find merit in plaintiff's alternative contention of estoppel. Public notice of defendant hospital's municipal status is to be found in the ordinance provisions of the City of Fulton. There would appear to be no justification for imposing any additional obligation on the part of the defendant hospital to amplify its municipal status. Plaintiff's present position is attributable to inadequate investigation for which defendant hospital is not to be precluded from asserting the statutory bar to any liability sought to be established against it. (Appeal from order of Supreme Court, Onondaga County, grant-

ing summary judgment in malpractice action.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Witmer, JJ.