■ MARY SEARLE et al., Appellants, v CITY OF NEW ROCHELLE et al., Respondents, et al., Defendants. [742 NYS2d 314] —In

an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 6, 2000, which granted the motion of the defendants City of New Rochelle, George Rainone, Michael Richie, John Clementi, Mark Zulli, Brian O'Neil, Howard Rattner, Alan Cantor, Angelo Formisano, and Frank Galello for summary judgment and dismissed the complaint insofar as asserted against them, granted the separate motion of the defendant MacLeod Brothers Roofing for summary judgment and dismissed the complaint insofar as asserted against it and denied their cross motion for leave to serve a late notice of claim.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This is an action to recover damages for personal injuries arising out of a toxic mold condition in a one-family house leased by the plaintiffs from the defendant City of New Rochelle. Commencing in the fall of 1995, the plaintiffs observed the growth of mildew and mold throughout the house. By 1997 the mold gave off a "terrible odor." Also commencing in the fall of 1995, the plaintiffs began to experience chronic health problems, but it was not until the spring of 1998, when they consulted a specialist, that their health problems were connected to the mold and mildew. At about the same time in 1998, an environmental specialist investigated the house and determined that some of the mold and mildew was toxic. The plaintiffs also learned at this time that the problem was exacerbated in 1996, when the defendant MacLeod Brothers Roofing (hereinafter MacLeod) installed a new roof over the old one. The plaintiffs filed a notice of claim against the City in May 1998, and commenced the instant action in September of that year.

Contrary to the plaintiffs' contentions, the Supreme Court properly dismissed the complaint insofar as asserted against the municipal defendants as time barred. A plaintiff's cause of action for damages resulting from exposure to toxic substances accrues when the plaintiff begins to suffer the manifestations and symptoms of his or her physical condition, i.e. when the injury is apparent, not when the specific cause of the injury is identified (*see Tarazi v Exxon Corp.*, 269 AD2d 385, 386; *see also Matter of New York County DES Litig.*, 89 NY2d 506; CPLR 214-c). In the instant case, the plaintiffs were well aware of the presence of the mold and mildew from the time it began to form in the fall of 1995. Moreover, the plaintiffs' deposition

testimony shows that, commencing at the same time in 1995, they began to suffer from the injuries for which they are seeking to recover damages in this action. Accordingly, the plaintiffs' causes of action accrued in 1995, and the notice of claim filed in 1998 was untimely (*see Oeffler v Miles, Inc.*, 241 AD2d 822; *Harley v 135 E. 83rd Owners Corp.*, 238 AD2d 136; *Krogmann v Glens Falls City School Dist.*, 231 AD2d 76; General Municipal Law §§ 50-e, 50-i).

The trial court also properly dismissed the complaint insofar as asserted against MacLeod. There is no evidence in the record to establish that MacLeod knew of the condition that existed inside the plaintiffs' home, and there is no evidence that the moisture problem was apparent from the outside of the house so as to have put MacLeod on notice that the placement of a new roof without removing the old roof was dangerous and likely to cause injury. In the absence of any evidence that MacLeod was on notice of the moisture problem, it cannot be said that it negligently installed the new roof.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.