■ DEANNA M. BROICH, Appellant-Respondent, et al., Plaintiffs, v NABISCO, INC., et al., Respondents, and SAG HARBOR INDUSTRIES, INC., Respondent-Appellant. [768 NYS2d 489]—

In an action, inter alia, to recover damages for emotional distress, the plaintiff Deanna M. Broich appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered October 8, 2002, as, upon an order of the same court dated August 21, 2002, dismissed the complaint insofar as asserted by her, and the defendant Sag Harbor Industries, Inc., cross-appeals from so much of the same judgment as, upon the order dated August 21, 2002, failed to award it an attorney's fee and costs.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the respondents by the appellant-respondent.

The Supreme Court properly dismissed as time-barred the causes of action asserted by the plaintiff Deanna M. Broich (hereinafter the plaintiff) to recover damages for emotional distress. "CPLR 214-c (2) provides that the time for initiating a cause of action for damages resulting from exposure to a harmful substance begins to run from the date that the 'injury' was discovered or could have been discovered with reasonable diligence" (*Matter of New York County DES Litig.,* 89 NY2d 506, 508-509 [1997]). "[D]iscovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, 'the injured party discovers the primary condition on which the claim is based' " (*MRI Broadway Rental v United States Min. Prods. Co.,* 92 NY2d 421, 429 [1998]).

The defendants established their prima facie entitlement to summary judgment by submitting deposition testimony of the plaintiff in which she admitted to becoming aware of the contaminated groundwater attributable to the defendants and fearing the health risks of her exposure to the contaminants before

1985, over 10 years before this action was commenced. A prima facie showing of entitlement to summary judgment shifts the burden to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff's submissions failed to raise a triable issue of fact. Her affidavit submitted in opposition to the defendants' motion was insufficient and merely raised a feigned factual issue designed to avoid the consequences of the her earlier admissions (*see Sanchez v City of New York*, 305 AD2d 487 [2003]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]).

The Supreme Court also correctly denied the cross motion of the defendant Sag Harbor Industries, Inc. (hereinafter Sag Harbor), for an award of an attorney's fee and costs pursuant to 22 NYCRR 130-1.1 and CPLR 8303-a. Sag Harbor failed to demonstrate that the plaintiff's conduct was frivolous as that term is defined under 22 NYCRR 130-1.1 (c), or that the action was commenced or continued in bad faith (*see* CPLR 8303-a [c] [i]; *Karnes v City of White Plains*, 237 AD2d 574, 576 [1997]).

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.