■ William D. McGarty, Appellant, v City of New York, Respondent. [843 NYS2d 287]—

Order, Supreme Court, New York County (Paul G. Feinman,

J.), entered January 12, 2007, which granted defendant's cross motion to dismiss the complaint for failure to file a timely notice of claim, unanimously affirmed, without costs.

Executive Order (Pataki) No. 113.7 (9 NYCRR 5.113.7), temporarily suspending, inter alia, local laws and ordinances establishing limitations of time for the filing or service of, inter alia, any notice or process "that the courts lack authority to extend through the exercise of discretion," does not apply to notices of claim required as a condition precedent to suit against defendant under General Municipal Law § 50-i. As the motion court explained, the Executive Order does not apply because "the statutory framework has built into it a mechanism by which a court can exercise its discretion" to extend the 90-day period for filing a notice of claim (General Municipal Law § 50-e [5]; cf. CB Richard Ellis v JLC Holdings, 306 AD2d 870 [2003]). Plaintiff's service of a late notice of claim without court leave 91 days after accrual of his claim was a nullity (Wollins v New York City Bd. of Educ., 8 AD3d 30, 31 [2004]), and his failure to seek a court order excusing such lateness within one year and 90 days after accrual of his claim requires dismissal of the action (see id., citing, inter alia, Hochberg v City of New York, 99 AD2d 1028 [1984], affd 63 NY2d 665 [1984]). We have considered plaintiff's other contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ. [See 14 Misc 3d 1214(A), 2007 NY Slip Op 50031(U).]