EMMA BYRD, Individually and as Parent and Natural Guardian of TREVOR BYRD, et al., Respondents, v PINECREST MANOR et al., Appellants. [918 NYS2d 558]—

The plaintiffs commenced this action alleging, inter alia, that they were injured as a result of their exposure to mold while residing in unit 4106 of a HUD-subsidized housing development located at 1100 Amuso Drive in Mount Kisco, New York. After the plaintiffs moved for leave to amend their complaint to include additional claims regarding injuries they had allegedly sustained in a new apartment to which they had been relocated after residing in unit 4106, the defendants moved to dismiss the original complaint as time-barred, and for summary judgment dismissing the causes of action asserted by the plaintiffs Willie Byrd, Phillip Byrd, and Trevor Byrd. The Supreme Court denied the defendants' motion, in effect, without prejudice to renew after the plaintiffs file and serve an amended complaint.

Under the circumstances of this case, the Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action asserted by the plaintiffs Emma Byrd, Willie Byrd, and Phillip Byrd to recover damages for personal injuries as time-barred without prejudice to renew after the plaintiffs file and serve an amended complaint. The additional injuries allegedly sustained by the plaintiffs occurred in a new apartment to which they had relocated after they allegedly had sustained the injuries set forth in the original complaint. Accordingly, dismissal of the plaintiffs' original claims would not affect their new claims.

Further, the causes of action asserted by the plaintiff Emma Byrd, Willie Byrd, and Phillip Byrd to recover damages for personal injuries they sustained while residing in unit 4106 were time-barred. CPLR 214-c provides a three-year statute of limitations for latent injuries to persons or property caused by exposure to harmful substances, beginning on the date the injury is discovered or should have been discovered by a reasonably diligent plaintiff, whichever is earlier (*see Jensen v General Elec. Co.*, 82 NY2d 77, 83 [1993]; *Miller Realty Assoc. v Amen-*

*dola*, 51 AD3d 987, 989 [2008]). "[D]iscovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, 'the injured party discovers the primary condition on which the claim is based' " (*MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d 421, 429 [1998], quoting *Matter of New York County DES Litig.*, 89 NY2d 506, 509 [1997]; *see Broich v Nabisco, Inc.*, 2 AD3d 474 [2003]). "A plaintiff's cause of action for damages resulting from exposure to toxic substances accrues when the plaintiff begins to suffer the manifestations and symptoms of his or her physical condition, i.e. when the injury is apparent, not when the specific cause of the injury is identified" (*Searle v City of New Rochelle*, 293 AD2d 735, 736 [2002]; *see Matter of New York County DES Litig.*, 89 NY2d at 506, 509, 514). Here, the defendants satisfied their initial burden by demonstrating that the plaintiffs Emma Byrd, Willie Byrd, and Phillip Byrd suspected that the apartment they lived in, unit 4106, was contaminated with mold, and that they began to suffer from the injuries for which they are seeking to recover damages in this action, more than three years before this action was commenced (*see Broich v Nabisco, Inc.*, 2 AD3d at 474-475; *Searle v City of New Rochelle*, 293 AD2d at 736-737). In response, the plaintiffs failed to provide evidentiary facts to rebut the defendants' prima facie showing (*cf. Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]). Contrary to the plaintiffs' contention, the doctrine of equitable estoppel has no application under the circumstances presented (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *Davis v Smith Corp.*, 262 AD2d 752, 754 [1999]; *McIvor v Di Benedetto*, 121 AD2d 519, 520 [1986]).

Contrary to the defendants' contention, they are not entitled to summary judgment dismissing the causes of action asserted by the plaintiff Trevor Byrd to recover damages for personal injuries he sustained while residing in unit 4106. Since the defendants failed to submit expert medical evidence that Trevor Byrd's exposure to the substance at issue did not cause his alleged medical condition, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing that plaintiff's causes of action, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Manicone v City of New York*, 75 AD3d 535, 537 [2010]; *cf. DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009]).

Since the causes of action asserted by the plaintiffs Willie

Byrd and Phillip Byrd to recover damages for personal injuries should have been dismissed as time-barred, the defendants' contention that the Supreme Court improperly denied that branch of their motion which was for summary judgment dismissing those causes of action is academic.

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.