■ SHIRLEY A. ZURI McKIE, Appellant, v LAGUARDIA COMMUNITY COLLEGE/CUNY, Respondent. [928 NYS2d 635]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 13, 2009, which, in this employment discrimination action, granted defendant's motion to dismiss plaintiff's complaint, unanimously affirmed, without costs.

The motion court properly dismissed the complaint based on plaintiff's failure to file a notice of claim within 90 days of the events giving rise to her suit (*see* Education Law § 6224 [1], [2];

*see also* General Municipal Law § 50-e [1]; *see generally Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 62 [1984]). Contrary to plaintiff's contention, pursuant to the plain language of Education Law § 6224 (1), which expressly incorporates the requirements of General Municipal Law §§ 50-e and 50-i, the requirement of filing a notice of claim within 90 days as a condition precedent to bringing suit against a community college of the City University of New York (CUNY) applies to *all* claims asserted against such community college, not just tort and wrongful death claims (*compare Siegel v La Guardia Community Coll.*, 2006 WL 1084780, *6, 2006 US Dist LEXIS 22931, *16 [ED NY 2006], *affd* 249 Fed Appx 850 [2d Cir 2007], *with Mills v County of Monroe*, 89 AD2d 776, 776 [1982], *affd* 59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983]).

The motion court properly determined that it lacked the discretion to extend the time within which plaintiff could file a notice of claim to the extent of deeming her filing of a federal action to be a notice of claim. A court cannot extend the time to file a notice of claim beyond the statutory time limitation for the asserted claim (*see* General Municipal Law § 50-e [5]; *see Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; *Gastman v Department of Educ. of City of N.Y.*, 60 AD3d 444, 445 [2009], *lv denied* 12 NY3d 711 [2009]). Contrary to plaintiff's contention, the statute of limitations for her employment discrimination claims is one year and 90 days (*see* Education Law § 6224 [1]; General Municipal Law § 50-i [1] [c]), not three years (*see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367 [2007]). Because it is undisputed that plaintiff's claims accrued no later than March of 2003 and that she filed her federal complaint in December of 2004, her claims were time-barred.

We reject plaintiff's contention that she satisfied the requirements of Education Law § 6224 (2) by refraining from bringing the federal action until at least 30 days after meeting with defendant's president and demanding that she be reappointed to her position. Even accepting plaintiff's contention that a "demand" pursuant to section 6224 (2) need not be a formal, written notice of claim, her demand to defendant's president did not put CUNY on notice of her claim, and thus, it cannot be considered a demand "presented to the city university for adjustment" within the meaning of the statute (*cf. Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547-548 [1983]; *Koren-DiResta Constr. Co. v New York City School Constr. Auth.*, 293 AD2d 189, 193 [2002]).

Lastly, we reject plaintiff's contention that Education Law

§ 6224 violates the Equal Protection Clause of our State Constitution because it affords less protection to employees of junior colleges than it does to similarly situated employees of senior colleges (*compare* Education Law § 6224 [1], [2], *with* § 6224 [4]). Similar constitutional challenges have been rejected in prior cases (*see e.g. Guarrera v Lee Mem. Hosp.*, 51 AD2d 867, 867 [1976], *appeal dismissed* 39 NY2d 942 [1976]; *Zipser v Pound*, 75 Misc 2d 489, 490 [1972]), and we are not persuaded that the two classes of employees at issue here are similarly situated, or that the distinctions drawn between employees of junior colleges and those of senior colleges are not rationally based (*see OTR Media Group, Inc. v City of New York*, 83 AD3d 451 [1st Dept 2011]; *Tilles Inv. Co. v Gulotta*, 288 AD2d 303, 304-305 [2001], *appeal dismissed* 97 NY2d 725 [2002], *lv denied* 98 NY2d 605 [2002]). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Renwick, JJ.