■ RONNIE HARPER, an Infant, by His Mother and Natural Guardian, ANGELA COLEMAN, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [937 NYS2d 857]—

General Municipal Law § 50-e (5) only vests the court with the discretion to deem a notice of claim timely filed if the motion seeking such relief is made before the statute of limitations expires (*Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]; *McKie v LaGuardia Community Coll./CUNY*, 85 AD3d 453 [2011]). Here, plaintiffs' claims accrued on June 3, 1998, and the notice of claim was filed on September 2, 1998, one day after the 90 days allotted by General Municipal Law § 50-e (1) (a). Moreover, the statute of limitations for tort claims against a municipal entity is one year and 90 days after the event occurred (*see* General Municipal Law § 50-i [1]). Accordingly, plaintiffs' cross motion, dated August 30, 2010, should have been denied since it was brought well after the statute of limitations for their claims had expired (*see McKie* at 454; *Matter of*

*Goffredo v City of New York*, 33 AD3d 346, 347 [2006]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.