■ JAMES BOBKO, Respondent, v CITY OF NEW YORK et al., Appellants. [953 NYS2d 214]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 22, 2011, which granted plaintiff's motion to amend his notice of claim and deemed it timely served nunc pro tunc, and denied defendants' cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's motion denied, and defendants' cross motion granted. The Clerk is directed to enter judgment dismissing the complaint. Appeal from order, same court and Justice, entered May 31, 2011, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

Plaintiff's notice of claim, filed on June 11, 2009, contained an accident date of March 18, 2009. He then moved to change the date of the accident from March 18, 2009 to March 9, 2009. Plaintiff essentially sought an order deeming the notice of claim timely served nunc pro tunc. Given the accident date of March 9, 2008, plaintiff's service of the notice of claim, however, was untimely by three days (*see* General Municipal Law § 50-e [1]

[a]). This late service, without leave of court, was a nullity (*see Croce v City of New York*, 69 AD3d 488 [1st Dept 2010]; *McGarty v City of New York*, 44 AD3d 447, 448 [1st Dept 2007]). Further, the court lacked the authority to deem the notice timely served nunc pro tunc, as the one-year-and-90-day statute of limitations period had expired (*see Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; General Municipal Law §§ 50-e [5]; 50-i [1] [c]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.