Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered March 22, 2012, which granted defendant New York City Transit Authority’s (NYCTA) motion for summary judg *408 ment dismissing the complaint for failure to file a notice of claim and denied plaintiffs’ cross motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
In this personal injury action, plaintiffs filed a notice of claim against the City of New York and initially commenced the action against the City. The complaint was subsequently amended to add NYCTA as a defendant, but plaintiffs did not file a notice of claim against NYCTA. After asserting, as an affirmative defense, plaintiffs’ failure to timely file the notice, NYCTA moved to dismiss the complaint on this ground. In response, plaintiffs cross-moved for leave to file a late notice of claim nunc pro tunc. The motion court lacked the authority to grant plaintiffs’ cross motion since it was made beyond the one-year- and-90-day statute of limitations period (see General Municipal Law §§ 50-e [5]; 50-i [1] [c]; see Bobko v City of New York, 100 AD3d 439 [1st Dept 2012]).
Unlike the unusual factual scenarios presented in Bender v New York City Health & Hosps. Corp. (38 NY2d 662 [1976]) and Matter ofHarts dale Fire Dist. v Eastland Constr., Inc. (65 AD3d 1345 [2d Dept 2009], lv denied 14 NY3d 701 [2010]), relied on by plaintiffs, NYCTA neither engaged in misleading conduct nor induced plaintiffs’ inaction. That NYCTA proceeded with the litigation and failed to serve a bill of particulars with respect to the affirmative defense does not invoke the doctrine of equitable estoppel (see Rodriguez v City of New York, 169 AD2d 532 [1st Dept 1991]; see also Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88 [1981]). Concur — Gonzalez, EJ., Mazzarelli, Renwick, Richter and Gische, JJ.