■ Keyona Vincent, Respondent, v New York City Housing Authority, Appellant. [11 NYS3d 47]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 25, 2014, which, to the extent appealed from, denied defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing plaintiff's mold claims based on her failure to file a timely notice of claim and, sua sponte, deemed the late notice of claim timely filed nunc pro tunc, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff alleges that she suffered exacerbation of her asthma as the result of exposure to mold in her apartment, which resulted from a leak that had been ongoing since May of 2010. She was required to file a notice of claim within 90 days after "the date of [her] discovery of the injury" or the date on which "through the exercise of reasonable diligence the injury should have been discovered" (CPLR 214-c [3]; *see* General Municipal Law § 50-e [1] [a]; *see also Galarza v New York City Hous. Auth.*, 99 AD3d 545 [1st Dept 2012]). NYCHA established that plaintiff's claim accrued no later than February 2011, by relying on plaintiff's testimony that her asthma symptoms worsened, resulting in more frequent attacks and hospital visits, starting in September or December of 2010, or January or February of 2011, when she was prescribed additional medications, as reflected in her hospital records. Thus, the notice of claim, filed over 90 days later in June 2011, without leave of court, was late and without effect (*see McGarty v City of New York*, 44 AD3d 447 [1st Dept 2007]).

Plaintiff argues that her claim did not accrue until March 2011, when a doctor noted a connection between her symptoms and the mold in her apartment. However, a "cause of action for damages resulting from exposure to toxic substances accrues when the plaintiff begins to suffer the manifestations and symptoms of his or her physical condition, i.e.[,] when the injury is apparent, not when the specific cause of the injury is identified" (*Searle v City of New Rochelle*, 293 AD2d 735, 736 [2d Dept 2002]; *see also Martin v 159 W. 80 St. Corp.*, 3 AD3d 439, 439-440 [1st Dept 2004]).

The court lacked authority to deem the late notice of claim timely filed nunc pro tunc, since plaintiff never moved for such relief and the statutory time limitation for bringing the claim had already expired when NYCHA moved for summary judgment (*see* General Municipal Law § 50-e [5]; Public Housing Law § 157 [2]; *Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; *Harper v City of New York*, 92 AD3d 505 [1st Dept 2012]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.