■ IQBAL HUSSAIN, Appellant, v CITY OF NEW YORK et al., Respondents. [44 NYS3d 402]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 25, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 to dismiss the fifth and sixth causes of action as against defendant City of New York, unanimously affirmed, without costs.

Supreme Court correctly dismissed the fifth cause of action alleging negligence, since the allegations, to the extent not conclusory, allege intentional torts, not negligence (*Salemeh v Toussaint*, 25 AD3d 411, 412 [1st Dept 2006]; *accord Smiley v North Gen. Hosp.*, 59 AD3d 179, 180 [1st Dept 2009]). Also, the complaint does not state a cause of action for negligent hiring, retention, training, or supervision, and plaintiff may not rely on such a theory on appeal to save his negligence claim (*Davila v City of New York*, 95 AD3d 560, 561 [1st Dept 2012]).

Supreme Court also correctly dismissed the sixth cause of action alleging civil rights violations. A municipality may not be held vicariously liable for constitutional violations pursuant to 42 USC § 1983, but rather may only be liable pursuant to the statute where the municipality itself caused the constitutional violation through an official policy or custom (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Leftenant v City of New York*, 70 AD3d 596, 597 [1st Dept 2010]). Plaintiff's complaint failed to allege any such custom or

practice; defendant police officers' testimony cited by plaintiff does not describe a policy or custom of detaining working taxi drivers for psychiatric evaluations.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.