■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK HERRERA, Appellant. [60 NYS3d 667]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression hearing; Jill Konviser, J. at plea and sentencing), rendered September 16, 2014, convicting defendant of robbery in the third degree, and sentencing him to a term of two to six years, unanimously affirmed.

The court properly denied defendant's motion to suppress the statement he made to a detective. Although defendant had previously invoked his right to counsel, the record supports the hearing court's finding that the statement was spontaneous and not the product of interrogation or its functional equivalent. The detective's only involvement in the case was to maintain custody of defendant while he was in a holding cell after his arrest by other officers. This detective merely attended to defendant's needs and engaged him in innocuous social conversation that was unrelated to the case and that defendant had initiated. As soon as defendant blurted out an admission, the detective terminated the conversation. None of the detective's conduct was reasonably likely to elicit an incriminating statement (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Lynes, 49 NY2d 286, 294-295 [1980]). Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.

■ In the Matter of HERBERT LEVY, Petitioner, v BARBARA JAFFEE et al., Respondents. [60 NYS3d 667]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.

■ BENJAMIN LOZANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [62 NYS3d 46]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 22, 2016, which denied defendant the New York City Housing Authority's (NYCHA) CPLR 3211 and 3212 motion seeking to dismiss the complaint, granted plaintiff Bengamin Lozano's cross motion for leave to file a late notice of

claim, and deemed the notice timely served nunc pro tunc, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly in favor of NYCHA.

The motion court lacked discretion to grant plaintiff leave to file a late notice of claim, as he failed to move for that relief before the one year and 90-day statute of limitations expired (*see Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]; *Matter of Carpenter v New York City Hous. Auth.*, 146 AD3d 674 [1st Dept 2017], *lv denied* 29 NY3d 911 [2017]).

Contrary to plaintiff's contention, defendant should not be estopped from asserting a statute of limitations defense simply because it engaged in litigation including conducting a 50-h hearing regarding plaintiff's claim, and did not raise plaintiff's failure to properly serve a timely notice of claim as an affirmative defense in its answer (*see Martinez v City of New York*, 104 AD3d 407, 408 [1st Dept 2013]; *Singleton v City of New York*, 55 AD3d 447 [1st Dept 2008]).

Plaintiff failed to preserve his contention that the savings provision of General Municipal Law § 50-e (3) (c) should be applied due to the fact that he allegedly timely served a notice of claim dated September 6, 2014, via regular mail, because he never raised that argument in his cross motion for leave to file a late notice of claim, and he cannot do so for the first time on appeal (*see Islam v City of New York*, 111 AD3d 493, 493 [1st Dept 2013]; *Harper v City of New York*, 92 AD3d 505, 505 [1st Dept 2012]). However, if we were to review the issue, we would find that plaintiff cannot demonstrate that the savings provision of General Municipal Law § 50-e (3) (c) applies because he failed to submit an affidavit of service or any other proof of mail service that establishes that the September 6, 2013 notice of claim was actually served by regular mail to NYCHA (*see Lapsley-Cockett v Metropolitan Tr. Auth.*, 143 AD3d 558 [1st Dept 2016]; *Person v New York City Hous. Auth.*, 129 AD3d 595, 596 [1st Dept 2015]). Concur—Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.