Ebonee Collens, Respondent, Dr.
against John W.S. Sayegh, Appellant. 




Law Firm of William G. Sayegh, P.C. (Brian M. Rudner and Maria Corrao of counsel), for appellant.
Ebonee Collens, respondent pro se.

Appeal from a judgment of the City Court of Peekskill, Westchester County (Reginald J. Johnson, J.), entered November 3, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $14,099.23.




ORDERED that the judgment is reversed, without costs, and the complaint is dismissed.
Defendant appeals from a judgment which, after a nonjury trial, awarded plaintiff, defendant's former tenant, the principal sum of $14,099.23 for damage to plaintiff's personal property resulting from a mold condition in the apartment which plaintiff had rented.
The City Court found that defendant was liable for the damage to plaintiff's personal property based in part on a breach of the parties' lease agreement. However, the lease states that plaintiff could recover for any damage to her personal property only if that damage resulted from defendant's gross negligence, and plaintiff did not demonstrate that defendant was grossly negligent. To the extent that the judgment was based on a breach of the implied warranty of habitability (see Real Property Law § 235-b), it cannot stand because, among other [*2]things,"consequential damages, such as for property damage, are not recoverable" upon a breach of that warranty (Joseph v Apartment Mgt. Assoc., LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50303[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Concetto v Pedalino, 308 AD2d 470, 471 [2003]).
Defendant correctly argues that, to the extent that the action was one for negligence, assuming arguendo that such an action would not be precluded by the parties' lease agreement, it is time barred, a defense defendant raised both in a pre-answer motion to dismiss and at trial. It is undisputed that plaintiff was aware of mold damage to her property at least by September 6, 2013, which is more than three years prior to the commencement of this action (see CPLR 214). Indeed, the record demonstrates that, "through the exercise of reasonable diligence" (see CPLR 214-c [3]), plaintiff could have been aware of the damage at issue prior to September 6, 2013 (see Kamath v Building New Lifestyles, Ltd., 146 AD3d 765 [2017]; Byrd v Manor, 82 AD3d 813 [2011]; Searle v City of New Rochelle, 293 AD2d 735 [2002]), and plaintiff did not demonstrate that any of the claimed damage occurred within the requisite three-year period (see Gordon v ROL Realty Co., 150 AD3d 466 [2017]).
We also note that, in any event, plaintiff failed to present competent evidence of her damages. "To establish damages for the loss of personal property, there must be some testimony as to the property's value by the owner or someone familiar with the property's quality and condition, such as its original cost, age and condition at the time of the loss" (Charles v Boland, 57 Misc 3d 150[A], 2017 NY Slip Op 51524[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [internal citations, quotation marks and brackets omitted]; see also Lake v Dye, 232 NY 209 [1921]; Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), and plaintiff failed to provide any evidence of the age or condition of any of the allegedly damaged items.
In light of the foregoing, we do not reach defendant's remaining arguments.
Accordingly, the judgment is reversed and the complaint is dismissed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019