Ortiz v City of New York (2021 NY Slip Op 06050)





Ortiz v City of New York


2021 NY Slip Op 06050


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 158487/17 Appeal No. 14532 Case No. 2021-02272 

[*1]Jose Ortiz, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about February 5, 2021, which to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff's notice of claim was untimely as to his state claims for false arrest, false imprisonment, assault, battery, negligent hiring, and illegal search and seizure, since the claims accrued more than one year before he served the notice (General Municipal Law § 50-e[5]; see Bobko v City of New York, 100 AD3d 439, 440 [1st Dept 2012]; Pichardo v New York City Dept. of Educ., 99 AD3d 606, 607 [1st Dept 2012]).
On the merits, plaintiff's state and federal claims for malicious prosecution, false arrest, and imprisonment and illegal search and seizure were correctly dismissed, because police had probable cause to arrest plaintiff for forcible touching and third-degree sexual abuse after defendant police officer observed plaintiff rubbing his groin against numerous women in a pedestrian plaza and received confirmation of his actions from two of the women (see Davis v City of New York, 160 AD3d 604, 605 [1st Dept 2018], lv denied 32 NY3d 903 [2018]; Taylor v City of New York, 178 AD3d 498, 499 [1st Dept 1999]). In addition, plaintiff failed to establish actual malice, which is necessary to support a claim for malicious prosecution (see Tiburcio v City of New York, 172 AD3d 455, 455 [1st Dept 2019]).
The state and federal claims for assault, battery, and excessive force also were correctly dismissed on the merits because they were based on the act of handcuffing plaintiff during a lawful arrest and were unsupported by any evidence of injury (see id.; Davidson v City of New York, 155 AD3d 544, 544 [1st Dept 2017]). Furthermore, the federal assault and battery claim fails because the defendant police officer was not personally involved in apprehending and handcuffing plaintiff (see Johnson v Newburgh Enlarged Sch. Dist., 239 F3d 246, 254 [2d Cir 2001]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021