**Richardson v New York City Hous. Auth.**

2024 NY Slip Op 32378(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No.: 156474/2013

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO          PART          33M

*Justice*

-----------------------------------------------------------------------X

CHARLENE RICHARDSON, KAYSHAWNA RICHARDSON, KAYSHELL RICHARDSON, ETHAN RICHARDSON

Plaintiff,

- v -

NEW YORK CITY HOUSING AUTHORITY,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156474/2013 |
| MOTION DATE | 05/25/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150

were read on this motion to/for        JUDGMENT - SUMMARY        .

Upon the foregoing documents, Defendant New York City Housing Authority's ("NYCHA" or "Defendant") motion for summary judgment dismissing Plaintiffs Charlene Richardson ("Charlene"), Kayshawna Richardson ("Kayshawna"), Kayshell Richardson ("Kayshell"), and Ethan Richardson's ("Ethan") (collectively "Plaintiffs") Complaint for failure to timely serve a notice of claim is granted in part and denied in part.

## I.    Background

This is a lawsuit for damages stemming from alleged mold exposure and a roach infestation beginning in 2010 (*see generally* NYSCEF Doc. 1). Plaintiff Charlene also sues for breach of her lease with Defendant. (*id.*). Plaintiffs reside at 90 Pitt Street, Apartment 8F (the "Premises"), which is owned by Defendant. Charlene is the mother of Kayshawna, Kayshell, and Ethan. Kayshawna, Kayshell, and Ethan all reached 18 years of age by November 1, 2013.

Four Notices of Claim were served. The first was served on July 31, 2012 by Charlene on behalf of Kayshawna. On August 1, 2012 Charlene filed another Notice of Claim on behalf of

156474/2013   RICHARDSON, CHARLENE vs. HOUSING AUTHORITY
Motion No. 004

Page 1 of 6

Kayshawna stating she was hospitalized in May of 2012 due to mold and roach infestation. Another notice of claim was filed on September 18, 2012 on behalf of Kayshawna stating that Kayshawna was hospitalized for psychological treatment due to the mold condition. The Notice of Claim also stated Charlene suffered a muscle spasm as a result of having to clean the floors and walls in her apartment. The final notice of claim is dated December 14, 2012 and was filed on behalf of Kayshell and Ethan alleging injuries from mold exposure. Plaintiffs then commenced this action on July 16, 2013.

Defendant argues that Plaintiffs' notices of claim are untimely which require dismissal. Defendant argues that a cause of action for toxic tort is deemed to have accrued on the date the injury could have been discovered and by Plaintiffs' own allegations they suffered mold exposure since 2010. Defendant further asserts that medical records show Plaintiffs began to manifest symptoms of the exposure in 2010. Defendant argues that Plaintiffs were required to seek leave for the late notices of claim served prior to the expiration of the statute of limitations. However, Plaintiffs never filed the application. Defendant also argues the breach of lease cause of action should be dismissed because Charlene is in arrears.

In opposition, Plaintiffs argue that a NYCHA inspector came to the apartment in December of 2010, spoke with Charlene, and confirmed observing mold.[1] Plaintiffs dispute there are rental arrears and argue that the failure to pay rent should not be fatal to the breach of contract claim because failing to ensure the warranty of habitability entitled the Plaintiff to withhold rent. They also argue the statute of limitations should be tolled as the mold exposure constituted a continuous wrong. In reply, Defendant asserts that a claim for exposure to toxic substances, pursuant to the CPLR, accrues when the injury is first discovered and is not subject to a continuous wrong toll.

---

[1] While this argument would be relevant on a motion seeking leave to file a late notice of claim, Plaintiffs have not sought that relief and their time to do so has expired.

**156474/2013  RICHARDSON, CHARLENE vs. HOUSING AUTHORITY**                     **Page 2 of 6**
**Motion No.  004**

[* 2]

They also argue that it is irrelevant on this motion if NYCHA knew about the mold because that is only pertinent in determining whether to deem a notice of claim timely served *nunc pro tunc*, while Plaintiffs' time to make that application has long since expired. Defendant further argues that the notice of claim requirements are conditions precedent and not time limitations and therefore cannot be tolled.

## II. Discussion

### A. Standard

A notice of claim must be filed within 90 days after the date of discovery of the injury, or the date on which the injury should have been discovered through the exercise of reasonable diligence (General Municipal Law § 50-e[1][a]; CPLR § 214-c[3]; *see also Vincent v New York City Hous. Auth.*, 129 AD3d 466 [1st Dept 2015] citing *Galarza v New York City Hous. Auth.*, 99 AD3d 545 [1st Dept 2012]). "A cause of action for damages resulting from exposure to toxic substances accrues when the plaintiff begins to suffer the manifestations and symptoms of his or her physical condition, i.e. when the injury is apparent, not when the cause of the injury is identified" (*Vincent, supra* quoting *Searle v City of New Rochelle*, 293 AD2d 735, 736 [2d Dept 2002]). Late service of a notice of claim without leave of court is a nullity (*Bobko v City of New York*, 100 AD3d 439, 440 [1st Dept 2012]).

Courts lack authority to deem a late notice of claim timely filed *nunc pro tunc* where a plaintiff never moved for such relief and the statutory time limitation for bringing the claim already expired (*Vincent, supra* citing *Harper v City of New York*, 92 AD3d 505 [1st Dept 2012]). General Municipal Law § 50-i(1)(c) requires claims be brought within one-year-and-90 days of their accrual (*see also Carpenter v New York City Hous. Auth.*, 146 AD3d 674 [1st Dept 2017]).

**156474/2013  RICHARDSON, CHARLENE vs. HOUSING AUTHORITY**
**Motion No. 004**

**Page 3 of 6**

3 of 6

## B. Tort Claims

The Plaintiffs' tort claims alleging personal injury from exposure to mold are dismissed for failure to serve timely a notice of claim. The Plaintiffs' own verified complaint, and Plaintiffs' own medical expert, state that Charlene developed severe headaches and migraines from the mold exposures in 2010. The same is true for Kayshawna, who suffered from asthma during a January 29, 2010 medical visit. Plaintiffs' medical expert Dr. Grant stated that Kayshell began exhibit symptoms in 2011. Plaintiff Ethan's medical records show nosebleeds, nasal congestions, and headaches related to mold exposure beginning in 2010.

Because all Plaintiffs' exposure to mold and accompanying aggravation of symptoms was documented back to 2010 and 2011, the Notices of Claim, which were first served on July 31, 2012 were late and are a nullity (*Bobko v City of New* York, 100 AD3d 439, 440 [1st Dept 2012]). Plaintiffs never moved to have the Notices of Claim timely served *nunc pro tunc* within the statute of limitations and their time to do so has long since expired. Thus, this Court does not have the authority to extend the time to serve a notice of claim *nunc pro tunc* (*Harper v City of New York*, 92 AD3d 505 [1st Dept 2012]). Moreover, NYCHA was under no obligation to apprise plaintiffs that they have failed to timely serve a notice of claim (*see Pope Contracting, Inc. v New York City Hous. Auth.*, 214 AD3d 519 [1st Dept 2023]).

Although Plaintiffs argue that the statute of limitations should be continuously tolled due to a continuing violation, CPLR 214-c expressly states that in tort cases involving toxic exposure, the cause of action accrues at the time of manifestations of symptoms (*see also Vincent v New York City Hous. Auth.*, 129 AD3d 466 [1st Dept 2015]). Plaintiffs have cited to no precedent stating that the continuous exposure to mold indefinitely extends the statute of limitations, and the First Department has explicitly applied the discovery rule in toxic tort cases (*see, e.g. Martin v 159 W*

**156474/2013 RICHARDSON, CHARLENE vs. HOUSING AUTHORITY**
Motion No. 004

Page 4 of 6

*80 Street Corp.* 3 AD3d 439 [1st Dept 2004]). Because Plaintiffs failed to timely serve a Notice of Claim, and their time to file an application seeking their Notices of Claim timely served *nunc pro tunc* has expired, the Plaintiffs' tort claims are dismissed.[2]

### C. Breach of Contract

To state a claim for breach of contract, a plaintiff must show that it has performed under the contract and it has suffered damages resulting from Defendant's breach (*Markov v Katt*, 176 AD3d 401 [1st Dept 2019]). Although NYCHA attempts to argue that Plaintiffs owe rental arrears and therefore Plaintiffs cannot seek to enforce the contract, Charlene's affidavit has raised an issue of fact as to whether she has performed under the lease. First, she states that NYCHA received ERAP assistance which covered Plaintiffs' rent and yet failed to credit this rent. She also states that NYCHA overcharged her rent because the number of people living in the home was reduced. She also claims to have made payments toward the rent which NYCHA has failed to reflect and states that there were eviction proceedings and rent was withheld as part of her breach of the implied warranty of habitability defense. Defendant has failed to rebut this sworn testimony and thus whether Plaintiffs performed under the contract is a triable issue.

However, to the extent Plaintiffs seek damages for personal injuries or loss of property as a result of the breach of the warranty of habitability, these claims are barred. The measure of damages for breach of the warranty of habitability is limited to the difference between the rent reserved in the lease and the fair market rental value during the period of breach – damages for personal injuries and loss of personal property are not recoverable for breach of the implied

---

[2] Although Charlene submitted an affidavit stating that her symptoms started in 2012, this contradicts her verified pleading which states the mold exposure began in 2010, along with her own medical expert which attributes symptoms prior to 2012. A party affidavit that contradicts prior sworn testimony creates a feigned issue of fact insufficient to defeat summary judgment (*Harty v Lenci*, 294 AD2d 296 [1st Dept 2002]).

**156474/2013  RICHARDSON, CHARLENE vs. HOUSING AUTHORITY**
**Motion No.  004**

**Page 5 of 6**

5 of 6

warranty of habitability (*Elkman v Southgate Owners Corp.*, 233 AD2d 104 [1st Dept 1996]). This is therefore an inappropriate theory under which Plaintiffs may seek damages.

Accordingly, it is hereby,

ORDERED that Defendant NYCHA's motion for summary judgment is granted to the extent the Plaintiffs' tort claims are dismissed for failure to timely serve a notice of claim; and it is further

ORDERED that Defendant NYCHA's motion for summary judgment dismissing Plaintiffs' breach of contract cause of action is granted solely to the extent that Plaintiffs are not entitled to recoup damages for personal injury or loss of personal property based on allegations of the breach of implied warranty of habitability; and it is further

ORDERED that Defendant NYCHA's motion for summary judgment is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant NYCHA shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | *May V Road JSC* |
|-----------|--|------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|--|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156474/2013  RICHARDSON, CHARLENE vs. HOUSING AUTHORITY**
**Motion No.  004**

Page 6 of 6

6 of 6

[* 6]