| Tucker v City of New York |
|:---:|
| **Tucker v City of New York** |
| 2025 NY Slip Op 32098(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157436/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**

*Justice*

------------------------------------------------------------------------X

JOANN TUCKER,

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, METROPOLITAN
HOSPITAL, NURSE JOHN DOE

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| PART | 62M |
| INDEX NO. | 157436/2023 |
| MOTION DATE | 12/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for                    DISMISSAL                    .

Upon the foregoing documents, it is

In this proceeding, defendant New York City Health and Hospitals Corporation s/h/a New York City Health and Hospitals Corporation, Metropolitan Hospital ("NYC Health and Hospitals") seeks an Order dismissing this action with prejudice pursuant to CPLR 3211 (a)(7) for failure to state a cause of action as plaintiff failed to file a timely Notice of Claim or seek leave of Court to file a late Notice of Claim within the applicable statute of limitations. Plaintiff cross-moves for an Order granting leave to plaintiff to serve and file the proposed late Notice of Claim, nunc pro tunc, pursuant to General Municipal Law § 50 (e)(5).

Plaintiff commenced this action on by filing her Summons and Complaint on July 25, 2023. In sum and substance, plaintiff alleges that she sustained severe and permanent personal injuries on May 22, 2022, when defendant Nurse John Doe allegedly pushed plaintiff out of her bed which resulted in plaintiff failing on the ground. On August 21, 2023, NYC Health and Hospitals served its Answer.

157436/2023   TUCKER, JOANN vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 1 of 4

[* 1]

Defendant asserts that the Court should dismiss plaintiff's Complaint for failure to serve a Notice of Claim as General Municipal Law § 50-e requires that a Notice of Claim be served within ninety (90) days of accrual of the cause of action. As such, defendant contends that the proper and timely filing of a Notice of Claim is a condition precedent to the commencement of a tort action against NYC Health and Hospitals and its employees. Since plaintiff alleges she was pushed from a bed on May 22, 2022, defendant argues that she needed to serve a Notice of Claim within 90 days of the alleged occurrence. Furthermore, defendant asserts that since plaintiff failed to move to file a late Notice of Claim within the applicable statute of limitations, she is precluded from doing so.

Plaintiff does not contest that a Notice of Claim was not filed within the applicable time. However, plaintiff points to the effects of the COVID-19 pandemic, such as the "back to normal" status of daily life still not being in effect at the time, and her being unaware of the statutory period to filing a Notice of Claim against a municipality as reasons why she should be permitted to file a late Notice of Claim, nunc pro tunc. In addition, plaintiff contends that defendant acquired actual knowledge of the facts constituting the claim within the specified 90-day filing period or within a reasonable time thereafter and that any delay in serving the Notice of Claim does not substantially prejudice defendant. In support of this argument, plaintiff asserts that defendant NYC Health and Hospitals clearly maintained actual notice of this incident as defendant Nurse John Doe was employed directly by the municipal defendant while plaintiff was a patient in the defendant's hospital.

In response to plaintiff's argument that defendant had actual knowledge of the essential facts constituting the claim within the ninety-day statutory period or a reasonable time thereafter, defendant argues that plaintiff failed to explain how the alleged employee's knowledge can be

[* 2]

imputed to defendant and plaintiff failed to attach any medical records to establish defendant's actual knowledge. Furthermore, defendant contends that plaintiff failed to establish lack of prejudice as her arguments depend on the claim that defendant had actual knowledge, and defendant was deprived the opportunity to perform an early investigation and conduct a hearing pursuant to GML 50(h).

Plaintiff goes on to argue, irrespective of the defendant's one year and ninety-day statute of limitation argument raised, the Court should take into consideration the defendant filing an answer without any indication that the defendant was asserting an affirmative defense based upon a purported lack of filing a Notice of Claim against this defendant. Moreover, plaintiff argues that the effects of the COVD-19 pandemic present more than reasonable excuse for the plaintiff's non-filing of a Notice of Claim.

General Municipal Law § 50-e requires a notice of claim in an action in a public corporation be served within ninety days after the claim arises. "While General Municipal Law Law § 50-e(5) vests courts with discretion to permit late filing of a notice of claim, '[t]he extensions shall not exceed the time limited for the commencement of an action…against the public corporation" (*Hall v. City of New York*, 1 AD3d 254 [1st Dept 2003]).

Contrary to plaintiff's contention, the fact that defendant did not include an affirmative defense based upon a purported lack of filing a Notice of Claim does not invoke the doctrine of equitable estoppel (*Lozano v. New York City Hous. Auth.*, 153 AD3d 1173, 1174 [1st Dept 2017]). In addition, plaintiff failed to file a timely notice of claim or to seek leave to file a late notice of claim within the applicable one-year-and-90-day limitation period (*see Carpenter v. New York City Hous. Auth.*, 146 AD3d 674 [1st Dept 2017]; *Pierson v. City of New York*, 56 NY2d 950, 955-956 [1982]).

157436/2023  TUCKER, JOANN vs. THE CITY OF NEW YORK ET AL
Page 3 of 4
Motion No. 001

3 of 4

[* 3]

Accordingly, it is hereby

**ORDERED**, that defendant's motion for an Order dismissing this action with prejudice as to them pursuant to 3211 (a)(7) is granted; and it is further

**ORDERED**, that plaintiff's cross-motion for an Order granting leave to plaintiff to serve and file a proposed late Notice of Claim, nunc pro tunc, pursuant to General Municipal Law § 50 (e)(5) is denied; and it is further

**ORDERED**, that within twenty days from entry of this Order, counsel for plaintiff shall serve a Copy of this Order with notice of its entry upon all defendants and file proof of such service.

This constitutes the Decision and Order of this Court.

HON. ARIEL D. CHESLER
J.S.C.

_____6/10/2025_____
DATE

_____
ARIEL D. CHESLER, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

157436/2023  TUCKER, JOANN vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 4

[* 4]