Shuford v City of New York (2026 NY Slip Op 01865)

Shuford v City of New York

2026 NY Slip Op 01865

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 155440/21|Appeal No. 6206|Case No. 2024-04506|

[*1]Latoya Shuford, Respondent,
vCity of New York et al., Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Mackenzie Fillow of counsel), for appellants.
Fasulo Giordano & Dimaggio, New York (Michael Giordano of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered May 8, 2024, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Supreme Court should have dismissed plaintiff's state law arrest-related claims, as she failed to file a timely notice of claim or file a timely complaint. Plaintiff was required to file a notice of claim within 90 days after the claim arose, and her state law claim accrued on May 6, 2019, the date that she was released from custody, not the date she was acquitted at trial (see Palmer v City of New York, 226 AD2d 149, 149 [1st Dept 1996]). Because plaintiff did not file the notice of claim until June 3, 2020, more than 10 months after the accrual date, her notice was untimely (General Municipal Law § 50-e[1][a]; see Arthur-Brown v Ramirez, 235 AD3d 526, 527 [1st Dept 2025]).
In addition, because plaintiff filed the June 3 notice of claim without leave of the court, the notice of claim was a nullity (see Umeh v New York City Health & Hosp. Corp., 205 AD3d 599, 599-600 [1st Dept 2022]). Although Supreme Court granted plaintiff's request that defendants be required to accept her late notice of claim, the court lacked the discretion to grant that relief, as plaintiff did not move before the one-year and 90-day statute of limitations had expired. Instead, plaintiff made her request on April 18, 2024, well past the March 20, 2021 deadline (one year and 90 days, plus 228 days of time tolled for the COVID-19 pandemic, past the May 6, 2019 accrual date) for seeking permission to file a late notice of claim (see Lozano v New York City Hous. Auth., 153 AD3d 1173, 1174 [1st Dept 2017]). Plaintiff also failed to file her complaint within "one year and ninety days after the happening of the event upon which the claim is based," as required under the General Municipal Law, instead filing it on June 5, 2021, more than two months past the deadline (General Municipal Law § 50-i[1][c]; see Jorge v City of New York, 220 AD3d 593, 593 [1st Dept 2023]).
Plaintiff's state and federal causes of action for false arrest and imprisonment and malicious prosecution also fail because she did not allege sufficient facts to rebut the presumption of probable cause created by the arrest warrant and the grand jury indictment (see Santos v City of New York, 161 AD3d 509, 510 [1st Dept 2018]; Garcia v City of New York, 115 AD3d 447, 447 [1st Dept 2014], appeal withdrawn 24 NY3d 1081 [2014]). Rather, plaintiff made only conclusory assertions that were insufficient to support those causes of action (see McQueen v City of New York, 209 AD3d 469, 470-471 [1st Dept 2022]; Alaxanian v City of Troy, 69 AD2d 937, 937 [1st Dept 1979]). Moreover, plaintiff's acquittal at trial did not vitiate the finding of probable cause (see Cintron v City of New York, 180 AD3d 602, 604 [1st Dept 2020], lv denied 36 NY3d 903 [2020]).
Plaintiff has no private right of action to recover damages for violations of the New York State Constitution, as the alleged wrongs could be remedied by her common-law claims of false arrest and imprisonment (see Berrio v City of New York, 212 AD3d 569, 569-570 [1st Dept 2023]). 
Plaintiff's causes of action for negligent hiring, retention, and supervision also fail because she alleged that defendants were acting within the scope of their employment (see Karoon v New York City Transit Auth., 241 AD2d 323, 324 [1st Dept 1997]). To the extent plaintiff asserts a cause of action for negligent investigation, New York does not recognize such a claim (see P.A. v New York & Presbyt. Hosp., 211 AD3d 482, 484 [1st Dept 2022]). Additionally, plaintiff's cause of action for negligence fails because she alleges intentional torts rather than negligence (see Hussain v City of New York, 146 AD3d 430, 430 [1st Dept 2017]).
Plaintiff cannot properly assert a cause of action for breach of contract because she failed to proceed through the collective bargaining agreement's grievance and arbitration process before filing suit (see Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied sub nom Margolin v Board of Education, 485 US 1034 [1988]).
We deny plaintiff's request to amend her complaint, as any amendment would be futile given that she failed to file a timely notice of claim and complaint (see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 50 [2022]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026